OPINION OF THE COURT
Memorandum.
Appeal by the People from a pretrial order (105 Misc 2d 368) dismissing the accusatory instrument which charged defendant with harassment (Penal Law, § 240.25) and resisting arrest (Penal Law, § 205.30).
Order affirmed.
In our opinion, a court is without authority to hold a pretrial hearing to test the validity of defendant’s arrest. The court erred in terming such motion as one to “suppress the arrest” because no such motion exists. However, upon *172 an examination of the issues raised in the motion papers and at the hearing, in the interest of justice, we construe the subject motion and the hearing thereon as one to dismiss the information pursuant to CPL 170.30 (subd 1, par [a]), 170.35 (subd 1, par [a]), 170.45 and 210.45.
It is a nonwaivable jurisdictional prerequisite that an information state the crime with which the defendant is charged and the particular facts constituting that crime. In order for an information to be sufficient on its face, every element of the offense charged and the defendant’s commission thereof must be alleged (People v Hall, 48 NY2d 927; CPL 100.40, subd 1, par [c]; 100.15, subd 3). The information herein failed to contain the essential “intent” elements to support the charges of harassment and resisting arrest.
Moreover, as the court below found upon the hearing, there was no traffic violation, nor was there any suspicious conduct of any kind when the police officer approached defendant and demanded that he produce identification. In People v Ingle (36 NY2d 413, 419), the court cited Brinegar v United States (338 US 160, 177), for the proposition that “ ‘the citizen who has given no good cause for believing he is engaged in (criminal) activity is entitled to proceed on his way without interference’ ” (see, also, Terry v Ohio, 392 US 1, 15, 21). Consequently, the arrest of defendant for harassment was not authorized. Moreover, the record clearly establishes that there was no probable cause for an arrest so as to sustain the charge of resisting arrest (cf. CPL 140.45).
Concur: Pino, P. J., Hirsh and Jones, JJ.