GEORGE D. GILBERT, Plaintiff-Appellant, *v.* MUNICIPAL OFFICERS' ELECTORAL BOARD OF THE VILLAGE OF DEERFIELD, *et al.*, Defendants-Appellees.

Second District    No. 80-496

Opinion filed July 10, 1981.

Paul E. Hamer, of Northbrook, for appellant.

Richard V. Houpt and David C. Newman, both of Pedersen and Houpt, of Chicago, for appellees.

Mr. JUSTICE UNVERZAGT delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Lake County upholding the finding of the Deerfield Electoral Board that the petition for referendum filed by the plaintiff was invalid. The petition, filed on

December 31, 1979, pursuant to the applicable provisions of the Election Code (Ill. Rev. Stat. 1979, ch. 46, par. 28—1 *et seq.*), sought to have the question whether the Village of Deerfield should cease to be a home rule unit submitted to the voters of the village "at a general, regular, or special election, but in no event later than the first general or regular election occurring at least 78 days after the filing of the petition."

The village challenged our jurisdiction to consider this appeal, first on the basis that the judgment of the circuit court in this instance was final and may not be reviewed and, second, on the basis that the question is moot because the time at which the petition expressly provided the question was to be placed on the ballot had already passed.

■■■ We decline to dismiss the appeal on the first of these bases despite the authorities cited which are on point: *Petterson v. Scoville* (1980), 83 Ill. App. 3d 746, and *Lawrence v. Board of Election Commissioners* (1977), 45 Ill. App. 3d 776. Those cases held that the legislative intent of section 10—10.1 of the Election Code was that judicial review of an electoral board's findings ends with the judgment of the circuit court following its review of the record of the hearing before that electoral board. We challenge that construction of section 10—10.1 as being an unconstitutional limitation upon the exclusive authority of the supreme court to make rules governing appeals (see *People v. Cox* (1980), 82 Ill. 2d 268, 274; *People ex rel. Stamos v. Jones* (1968), 40 Ill. 2d 62, 66), and as being contrary to the plain language of Supreme Court Rule 301:

"Every final judgment of a circuit court in a civil case is appealable as of right. * * *." Ill. Rev. Stat. 1979, ch. 110A, par. 301.

" 'A civil action is one prosecuted for the establishment or recovery of a right, or the prevention of a wrong, or the redress of an injury.' " (*In re Estate of Rice* (1979), 77 Ill. App. 3d 641, 648.)

As such, the unwritten, but functionally desirable, rule of horizontal district-to-district *stare decisis* does not compel us to accept its authority in the case at bar. (*Parker v. Parker* (1948), 335 Ill. App. 293. For a discussion, see Mattis and Yalowitz, *Stare Decisis Among* [*sic*] *The Appellate Court of Illinois*, 28 De Paul L. Rev. 571 (1979).) We conclude that section 10—10.1 does not—nor can it—deprive us of jurisdiction to hear this appeal.

■■ Plaintiff's citation to *Merz v. Volberding* (1981), 94 Ill. App. 3d 1111, during oral argument is inapposite because that case construed the words "general election" as they are used within the context of section 10—3 of the Election Code. The controlling section in the instant case was section 28—4. (Ill. Rev. Stat. 1977, ch. 46, par. 28—4.) Further, plaintiff's contention during oral argument that the question is not moot because section 2A—1.2(f) provides the court could order a special election (Ill. Rev. Stat.

1979, ch. 46, par. 2A—1.2(f)) is not well taken. That section first and foremost provides that:

> "* * * public questions may be submitted to voters *pursuant to this Code* and any special election *otherwise* required or authorized by law or by court order may be conducted pursuant to this Code." (Emphasis added.)

In the instant case, the Code unambiguously required that the question be presented no later than the first general or regular election occurring at least 78 days after the filing of the petition. In the case at bar, the first general or regular election which occurred at least 78 days after the December 31, 1979, filing date of the petition was the November 4, 1980, election.

Accordingly, this appeal is dismissed for mootness.

Appeal dismissed.

HOPF and NASH, JJ., concur.