THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DOUGLAS B. GRAVEN, Defendant-Appellant.

Fourth District   No. 4—83—0725

━━━━━━

Opinion filed May 30, 1984.

David Y. Eberspacher, of Harlan Heller, Ltd., of Mattoon, for appellant.

Chris E. Freese, State's Attorney, of Sullivan (Robert J. Biderman and Timothy J. Londrigan, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

On August 24, 1983, after a trial by jury in the circuit court of Moultrie County, defendant, Douglas B. Graven, was found guilty of the offenses of (1) driving while the alcohol concentration in his breath was .10 or more in violation of section 11—501(a)(1) of the Illinois Vehicle Code (Code) (Ill. Rev. Stat., 1982 Supp., ch. 95½, par. 11—501(a)(1)), and (2) unlawfully transporting alcoholic liquor in violation of section 11—502 of the Code (Ill. Rev. Stat. 1981, ch. 95½, par. 11—502). Subsequently, the court sentenced him to a term of six months' probation and a fine of $250, and a fine of $50 for the respective offenses. While finding defendant guilty of the foregoing offenses, the jury also found him not guilty of driving while under the influence of alcohol as prohibited by section 11—501(a)(2) of the Code. Ill. Rev. Stat., 1982 Supp., ch. 95½, par. 11—501(a)(2).

Defendant contends on appeal that (1) section 11—501(a)(1) concerning the alcohol concentration in a driver's breath is unconstitutionally vague; (2) the State failed to prove an essential element of the foregoing offense; (3) the court made improper statements and improperly questioned the jury; (4) the jury's deliberations were tainted by confusion as to the proper manner in which to apply the law; and (5) the information charging defendant with unlawful transportation of liquor in violation of section 11—502 of the Code was insufficient as a matter of law. We affirm as to both convictions.

Section 11—501(a)(1) provides:

"(a) A person shall not drive or be in actual physical control of any vehicle within this State while:

1. The alcohol concentration in such person's blood or breath is 0.10 or more based on the *definition of blood and breath units* in Section 11—501.2." (Emphasis added.) (Ill. Rev. Stat., 1982 Supp., ch. 95½, par. 11—501(a)(1).)

Defendant maintains that this section is unconstitutionally vague because the term "breath units" is critical to the definition of the offense and that term is not defined either in section 11—501.2 or anywhere else in the Code. However, section 11—501.2(a)(5) does state:

"Alcohol concentration shall mean either grams of alcohol per 100 milliliters of blood or grams of alcohol per 210 liters of breath." Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.2(a)(5).

Defendant points out that (1) a statute which forbids the doing of an act in terms so vague that men of common intelligence must guess at its meaning is impermissibly vague and violates due process of law (*People ex rel. Armstrong v. Huggins* (1950), 407 Ill. 157, 94 N.E.2d 863), and (2) statutes imposing criminal liability without regard to fault must satisfy a stricter standard of certainty than statutes incorporating a requirement of scienter (*Colautti v. Franklin* (1979), 439 U.S. 379, 58 L. Ed. 2d 596, 99 S. Ct. 675). In *People v. Ziltz* (1983), 98 Ill. 2d 38, 455 N.E.2d 70, the supreme court upheld the constitutionality of section 11—501.2(a)(1) against an attack which did not include the question of the vagueness of the phrase "breath units." The court not only stated that the section imposed "strict liability," but also stated that "[s]ection 11—501(a)(1) incorporates the definition of blood and breath units found in section 11—501.2(a) of the same act." 98 Ill. 2d 38, 42, 455 N.E.2d 70, 72.

■ We deem the only reasonable conclusion that can be drawn when sections 11—501(a)(1) and 11—501.2(a)(5) are considered together is that the term "breath units" means the number of grams of alcohol per 210 liters of breath. A person of common intelligence is under no jeopardy of being required to guess as to the meaning of this term. The statutory language meets a strict standard of certainty and does not deprive an accused of due process of law.

■ Defendant's second contention is closely related to the first. He asserts that the State failed to introduce any evidence as to what constitutes a "breath unit." Our holding as to the first issue controls our holding here. There was no need to prove what constitutes a "breath unit" as that has been determined by the legislature to be the number of grams of alcohol per 210 liters of breath (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.2(a)(5)). Furthermore, the State produced evidence that approximately one-half hour after defendant was arrested for the charges in question an officer had defendant blow into an intoxilyzer unit for 10 seconds and obtained a reading showing an alcohol concentration of .14. Further evidence showed the unit to be in good working order. Defendant seems to argue that it would be necessary for the State, in order to prove the necessary elements of

the case, to show the amount of breath defendant blew into the unit. Such a showing was not necessary. The statutory language provides a formula which measures the grams of alcohol contained in one's breath, and the proper measurement may be obtained without having 210 liters of breath blown into the unit.

■ The remarks of the court to the jury, about which defendant complains, were made at 12:06 a.m. on August 24, 1983. At that time, the jury had been deliberating since 7:30 p.m. on the previous day. The jury was returned into court whereupon the following colloquy occurred:

"THE COURT: I have a few questions I would like to put to you [the jury foreman] before I give you a supplemental instruction. I certainly don't mean to be coercive about anything. I don't want to know exactly how you voted, that is whether it was for [or] against acquittal or conviction. I would like to know the last count, whether it was 5 to 7, 10 to 2, 3 to 9, that sort of thing. Have you taken more than one ballot?

[JURY FOREMAN]: Yes. Do you want to know where we are on the issue, the three issues?

THE COURT: I just want to know the last vote right now.

[JURY FOREMAN]: 9 to 3, I think.

THE COURT: Do you have any notes in there that would help you answer that question?

[JURY FOREMAN]: No.

THE COURT: Do you think you will be able to reach a verdict within a reasonable period of time?

[JURY FOREMAN]: Yes.

THE COURT: Do you think you will?

[JURY FOREMAN]: Yes.

THE COURT: Under those circumstances, I will return you to the jury room. I will withhold this supplemental instruction. I don't like to give you that unless I absolutely have to."

Inquiry by the court as to the numerical division of the jury, although improper, is not of itself reversible error. Such error occurs only if the conduct of the court, in asking for the count, interfered with the jurors' deliberation or hastened their verdict. (*People v. Duszkewycz* (1963), 27 Ill. 2d 257, 189 N.E.2d 299; *People v. Golub* (1929), 333 Ill. 554, 165 N.E. 196.) Here, the inquiry as to the division of the jury was not repeated as in *People v. Santiago* (1982), 108 Ill. App. 3d 787, 439 N.E.2d 984, where reversible error was held to have occurred. The court's statement concerning its unwillingness to give an unspecified instruction was not of a coercive nature, but indicated

that the jury should continue deliberations in the manner they had been instructed to do until they were told otherwise. No reversible error resulted from the court's statement to the jury.

At the close of the evidence, the jury was instructed as to the propositions which the State had to prove to sustain the charges. Two instructions were given the jury both of which purported to state the necessary elements of the "charge" of driving under the influence of alcohol. Each listed the driving of a motor vehicle as one of the elements. The instruction concerned with proof under section 11—501(a)(1) listed, as the other element, the defendant's then having alcohol concentration in his breath of "0.10 or more based on the definition of *** breath units." The instruction concerned with section 11—501(a)(2) listed, as the other element, the defendant's then being "under the influence of alcohol." A separate instruction properly defined the phrase "breath units" as being the number of "grams of alcohol per 210 liters of breath." The jury was also given the following jury instruction without objection:

"If you find that the amount of alcohol in the defendant's blood as shown by a chemical analysis of his breath was .10% or more by weight of alcohol, you shall presume that the defendant was under the influence of alcohol.

However, this presumption is not binding on you and you may take into consideration any other evidence in determining whether or not the defendant was under the influence of alcohol." Illinois Pattern Jury Instruction, Criminal, No. 23.06 (2d ed. 1981).

The jury began deliberating at 7:30 p.m. on August 23, 1983. At 9:20 p.m. the jury foreman sent a note containing two questions to the trial court. In this note, the jury inquired as to whether the second paragraph of IPI Criminal No. 23.06 applied (1) only to the driving under the influence charge, or (2) also to the alcohol concentration charge.

The trial court wrote the following response at the bottom of the note:

"The Court has the legal discretion to answer your (2) questions but deems it necessary to not do so and must refer you to the instructions as given."

■ The statutory context of the two separate charges and the instructions explaining them are such as to be likely to confuse a jury. Under section 11—501(a)(1), once the driving is proved, proof of the alcohol content in the breath of the driver is sufficient to prove that charge. On the other hand, under section 11—501(a)(2) even though

the driving is proved, proof of the alcohol content in the breath of the driver merely creates a permissive presumption as to the driver being under the influence of alcohol. However, we do not see how any prejudice could have resulted from any confusion here. The "presumption" in issue is predicated upon proof of an alcohol content of .10 or more in the breath of the driver. Under section 11—501(a)(1), once that is proved, no need exists to apply the presumption. Any confusion about the applicability of the presumption under those circumstances would be harmless. As defendant was acquitted as to the charges under section 11—501(a)(2), he could not have been prejudiced by confusion as to the application of the presumption there.

No reversible error resulted from the court's handling of the jury's inquiry.

The charge that defendant had unlawfully transported alcoholic liquor arose from section 11—502 of the Code which, with certain exceptions not applicable here, prohibits the transportation of alcoholic liquor in a motor vehicle unless in an original container with the seal unbroken. The charge against defendant here made no allegation that defendant transported the liquor with any of the particular mental states set forth in article 4 of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, pars. 4—1 through 4—9) (*e.g.*, intent, knowledge, recklessness, negligence). If a mental state was required to commit this offense, the failure to allege the mental state was error. *People v. Adams* (1978), 64 Ill. App. 3d 547, 381 N.E.2d 738; *People v. Mack* (1974), 24 Ill. App. 3d 455, 321 N.E.2d 446.

In *People v. Hutchison* (1977), 46 Ill. App. 3d 725, 361 N.E.2d 328, this court, in a split decision, held that knowledge was an implied element of the instant offense even though the statute does not expressly require that the person have any particular mental state in order to commit the offense. The majority and dissent both recognized the existence of section 4—9 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 4—9), which then and now provides that a person may be guilty of an offense without requiring a mental state even where the statute does not clearly impose absolute liability if the offense is a misdemeanor for which no imprisonment may be imposed and the fine does not exceed $500. Mr. Justice Mills, in dissent, concluded that the illegal transportation of liquor was properly such an offense.

■ We agree with the dissent in *Hutchison*. Section 11—502 makes no statement as to the penalty for a violation of the offense. Section 11—202 of the Code (Ill. Rev. Stat. 1981, ch. 95½, par. 11—202) states that violation of the traffic laws, when no penalty is pro-

vided, constitutes a petty offense. Section 5—1—17 of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—1—17) defines a petty offense as one "for which a sentence to a fine only is provided." Section 5—1—2 of that Code (Ill. Rev. Stat. 1981, ch. 38, par. 1005—1—2) describes a business offense as a petty offense for which "the fine is in excess of $500." Obviously, the instant offense is not a business offense. Accordingly, we conclude that this offense is one within the contemplation of section 4—9 of the Criminal Code of 1961 for which absolute liability may be imposed. For the reasons stated in Mr. Justice Mills' dissent, we agree that knowledge of the existence of the open container of alcoholic beverage found in defendant's automobile was not a necessary element of the illegal transportation charge. We adopt that dissent and overrule *Hutchison*.

We also hold that the charge of unlawful transportation of alcoholic liquor was properly alleged here.

Our affirmance is for the reasons stated.

Affirmed.

TRAPP and MILLER, JJ., concur.