THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TIMOTHY DeVOSS, Defendant-Appellant.

Third District   No. 3—86—0137

Opinion filed November 26, 1986.

Bruce A. Buckrop, of Andalusia, for appellant.

James T. Teros, State's Attorney, of Rock Island (John X. Breslin and Robert P. Arnold, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:

The defendant, Timothy DeVoss, appeals from his conviction for illegal transportation of liquor. (Ill. Rev. Stat. 1985, ch. 95½, par. 11—502(b).) He argues that he was not proved guilty beyond a reasonable doubt. We reverse.

At approximately 10 p.m. on Halloween night in 1985, the defendant was the front-seat passenger in his driver's family's automobile. Two other friends and a box containing a sealed bottle of rum, a seal-broken bottle of amaretto, and a seal-broken bottle of vodka were in the automobile's back seat. The police discovered the alcohol upon stopping the automobile to investigate a report of vandalism.

The defendant was charged with transportation of the open liquor. Following a bench trial, the defendant was convicted and sentenced to a $100 fine. The defendant brought the instant appeal, arguing that there was no proof beyond a reasonable doubt that he had knowledge of the alcohol. The State does not argue that there was adequate proof of knowledge. Rather, it maintains that the defendant committed a strict liability offense so that proof of his knowledge was immaterial.

Under section 11—502 of the Illinois Vehicle Code, except under circumstances not applicable to this case, no driver or passenger may carry, possess, or have any alcoholic liquor within the passenger area of any motor vehicle upon an Illinois highway, except in the original container and with the seal unbroken. Section 11—502 neither provides a specific mental state for the offense nor explicitly provides for strict liability. (Ill. Rev. Stat. 1985, ch. 95½, pars. 11—502(a), (b).) The Fourth District of the Appellate Court has recently held that no mental state was required for a driver to violate the offense. According to the Fourth District, knowledge of the existence of an open container of alcoholic beverage in a driver's automobile was not a necessary element of the driver's charge under section 11—502. *People v. Graven* (1984), 124 Ill. App. 3d 990, 464 N.E.2d 1132.

In finding strict liability, the *Graven* court reversed its decision in

*People v. Hutchison* (1977), 46 Ill. App. 3d 725, 361 N.E.2d 328, and adopted the reasoning of the *Hutchison* dissent. The court concluded that considering its importance to public safety and a legitimate legislative purpose, the offense of illegal transportation by a driver properly created absolute liability. In so concluding, the Fourth District observed that, accordingly, the statute cast a wide net, dragging in both the "hot rodder" whose buddies had open beers in the car and the unsuspecting, kind old gentleman who drove home from church with the little old lady with the open flask of communion wine in her handbag. The court concluded that the old gentleman simply needed to more carefully select his passengers in order to avoid the risk of being punished for their sins.

Although *Graven* addressed the sufficiency of a charge against a driver (Ill. Rev. Stat. 1985, ch. 95½, par. 11—502(a)), and the instant case addresses the sufficiency of proof against a passenger (Ill. Rev. Stat. 1985, ch. 95½, par. 11—502(b)), we find no basis to distinguish *Graven*. However, we disagree with its reasoning. As we are not compelled by a rule of horizontal, district-to-district *stare decisis* to adopt the decision of the Fourth District (*Gilbert v. Municipal Officers' Electoral Board* (1981), 97 Ill. App. 3d 847, 423 N.E.2d 952), we do not follow the *Graven* court.

■ Section 4—9 of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 4—9), provides that one may be guilty of an offense without having had any particular mental state. However, the spirit and intention of the legislature should be construed to include a mental state unless a statutory provision is otherwise difficult to enforce or unless absolute liability without any required mental state is demonstrated. (See Ill. Ann. Stat., ch. 38, par. 4—9, Committee Comments (Smith-Hurd 1971); *People v. Nunn* (1978), 65 Ill. App. 3d 981, 382 N.E.2d 1305.) We find no such exception for the instant statute.

In section 11—502(b), the legislature prohibited transportation of open liquor by a passenger. That prohibition exists in light of the dangerous combination of driving and alcohol. However, if a passenger in an automobile has no knowledge of the existence of open alcohol in the vehicle, there can be little practical justification for concluding that he contributed to the danger which the instant prohibition addresses.

Prohibition of a passenger's knowing transportation of open liquor may both reflect a legitimate legislative purpose and be important to public safety. However, a judicial determination that the instant statute establishes strict liability leads to a variety of results which could not have been intended by the legislature. For example, it is pointless

to convict the unsuspecting elderly gentleman who accepts a ride home from church with the altar guild member who is transporting open communion wine in her handbag. It is equally pointless to ensnare the out-of-town visitor who is transported from the airport in an automobile with hidden, opened bottles of alcohol which the son of the unknowing driver had not yet retrieved from the previous night's party.

■ Consequently, we find an implied element of knowledge in section 11—502(b). In so finding, we note that whether a passenger in an automobile knew or should have known of the existence of open liquor in the automobile may be demonstrated by inferences from the circumstances. Consequently, requiring knowledge as an element of the offense imposes no unreasonable burden for the State. See *People v. Nunn* (1978), 65 Ill. App. 3d 981, 382 N.E.2d 1305.

Based on the foregoing, the judgment of the circuit court of Rock Island County is reversed.

Reversed.

SCOTT, P.J., and STOUDER, J., concur.