**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Garrett W. WILSON,
Defendant–Appellant.**

No. 15298.

Missouri Court of Appeals,
Southern District,
Division Two.

June 29, 1988.

Missouri, the defendant assisted in the operation of a house of prostitution at Rt. 7, Box 330, Joplin, Missouri.

The relevant parts of the statutes defining the offense in question read as follows:

A person commits the crime of promoting prostitution in the third degree if he *knowingly* promotes prostitution.

§ 567.070 (emphasis added). Section 567.-010 defines "Promoting prostitution":

[A] person promotes prostitution if, acting other than as a prostitute or a patron of a prostitute, he *knowingly*

. . . .

(d) Operates or assists in the operation of a house of prostitution or a prostitution enterprise; . . . . (emphasis added).

The mental element of "knowingly" is an element of the offense of assisting in the operation in a house of prostitution. § 562.021. Cf. *State v. Peacock,* 725 S.W. 2d 87 (Mo.App.1987). "If a mental state was required to commit this offense, the failure to allege the mental state was error." *People v. Graven,* 124 Ill.App.3d 990, 80 Ill.Dec. 149, 153, 464 N.E.2d 1132, 1136 (1984). Also see *Felder v. State,* 512 So.2d 817 (Ala.Cr.App.1987); *People v. Maksymenko,* 109 Misc.2d 171, 442 N.Y.S. 2d 699 (1981); *Honeycutt v. State,* 627 S.W.2d 417 (Tex.Cr.App.1981). MACH–CR 21.10 Promoting Prostitution in the Third Degree includes an allegation the "defendant knowingly" engaged in the prohibited activity. The allegation the defendant "assisted" is not tantamount to an allegation the defendant acted with the purpose of promoting prostitution. The information does not expressly or by necessary intendment allege the defendant acted knowingly. Because the information fails to allege an essential element of the crime, the judgment is reversed and cause remanded. See *State v. Charity,* 619 S.W.2d 366 (Mo.App. 1981).

Dee Wampler, Wampler, Wampler & Catt, Springfield, for defendant-appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

MAUS, Judge.

An information alleged the defendant committed the class D felony of promoting prostitution in the third degree in violation of § 567.070. A jury found him guilty. As authorized by the verdict, the court sentenced him to imprisonment for one year and to pay a fine of $2,500.

The defendant attacks the sufficiency of the information. *State v. Powell,* 717 S.W. 2d 548 (Mo.App.1986); *State v. Eckard,* 655 S.W.2d 596 (Mo.App.1983). A fundamental rule for determining the sufficiency of an information has been often restated. "The test for sufficiency of an indictment is 'whether it contains all essential elements of the offense as set out in the statute [creating the offense] and clearly apprises defendant of facts constituting the offense.' *State v. Brown,* 660 S.W.2d 694, 698 (Mo. banc 1983)." *State v. O'Connell,* 726 S.W.2d 742, 746 (Mo. banc 1987).

The information in question reads:

The Prosecuting Attorney of the County of Jasper, State of Missouri, charges that the defendant, in violation of Section 567.070, RSMo, committed the class D Felony of Promoting Prostitution in the Third Degree, punishable upon conviction under Section 558.011.1(4) and 560.011, RSMo, in that on or about January 30, 1987, in the County of Jasper, State of

PREWITT, P.J., and HOGAN and FLANIGAN, JJ., concur.