THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JON D. ANGELL, Defendant-Appellant.

Second District   No. 2—88—0426

Opinion filed June 22, 1989.

William E. Glisson, of Aurora, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LINDBERG delivered the opinion of the court:

Defendant, Jon D. Angell, after a bench trial in the circuit court of Du Page County, was found guilty and fined $500 for the offense of transporting alcoholic liquor in a motor vehicle. (Ill. Rev. Stat. 1987, ch. 95½, par. 11—502(a).) Defendant filed a timely notice of appeal. Defendant argues he was not proven guilty beyond a reasonable doubt.

There were no verbatim transcripts of defendant's trial, and the following facts come from the brief bystanders' reports of defense counsel and the State's Attorney filed by defendant pursuant to Supreme Court Rule 323(c) (107 Ill. 2d R. 323(c)).

Officer McGrath of the Naperville police department testified that he was on duty September 28, 1987. At 12:43 a.m. Officer McGrath effectuated a traffic stop on defendant's vehicle at North Aurora Avenue and Route 59. Officer McGrath, at trial, identified

defendant as the driver of the vehicle and Tim Gabrielson as the person seated in the front passenger seat. Officer McGrath smelled alcohol emanating from the vehicle, and while looking into the vehicle from the passenger's side, he saw two open Budweiser beer cans in plain view. Officer McGrath seized the two beer cans, each of which contained liquid. Officer McGrath, after stating that he had smelled beer on hundreds of prior occasions, testified that in his opinion the liquid in the cans was beer. While Officer McGrath had placed some of the liquid from each can in vials for later laboratory analysis, no analysis had been performed, and the State only introduced the two beer cans into evidence and relied solely on Officer McGrath's testimony to establish the contents of the cans at the time of the traffic stop. Officer McGrath further testified that defendant did not admit to any drinking, although he stated that he and his passenger had been to a sport's attraction at the Rosemont Horizon. Further, defendant was administered and passed a field sobriety test and was not charged with driving under the influence.

Defendant testified that he did not know the beer cans were in the car and did not have possession of the cans. Defendant's passenger, Tim Gabrielson, testified that he had possession of the cans and that defendant neither knew nor had possession of the beer cans. The passenger further testified that he had pled guilty to the possession of the beer cans.

■ On appeal, defendant attacks the sufficiency of the evidence. Defendant argues the State failed to prove beyond a reasonable doubt that defendant knowingly possessed open beer cans in his vehicle. First, we address the specific nature of the acts involved in the offense with which defendant was charged by the State and convicted of by the trial court to determine if knowledge and possession are elements of the crime charged. Defendant, as the driver of the vehicle, was charged with the offense of transporting alcohol in an open container in the passenger area of a motor vehicle upon the highways of this State. (See Ill. Rev. Stat. 1987, ch. 95½, par. 11—502(a).) Defendant was not charged with possession of alcohol in an open container. Section 11—502 of the Illinois Vehicle Code (Code) provides in relevant part:

> "Transportation or possession of alcoholic liquor in a motor vehicle. (a) Except as provided in paragraph (c), *no driver may transport*, carry, possess or have any alcoholic liquor within the passenger area of any motor vehicle upon a highway in this State except in the original container and with the seal unbroken.

(b) Except as provided in paragraph (c), *no passenger may carry, possess or have* any alcoholic liquor within any passenger area of any motor vehicle upon a highway in this State except in the original container and with the seal unbroken." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 95½, pars. 11—502(a), (b).)

A plain and ordinary reading of this statute indicates that the legislature intended that the driver of a vehicle, as opposed to the passenger, may violate the statute by the act of transporting open alcohol in the passenger area of a vehicle, irrespective of whether the driver possessed, carried, or had open alcohol in the passenger area. (*Sostak v. Sostak* (1983), 113 Ill. App. 3d 954, 447 N.E. 2d 1345 (in determining intention of legislature, the statutory language should be given its plain and ordinary meaning).) Contrary to defendant's argument on appeal, there is no requirement that defendant physically or constructively possessed the beer cans where defendant, as a driver of the vehicle, was charged and convicted of transporting open beer cans in a vehicle, not of possessing open beer cans. The issue on review is whether the evidence was sufficient to convict defendant of illegal transportation of alcohol.

■ Defendant also contends that the evidence was insufficient to prove that he knowingly violated section 11—502 of the Code (Ill. Rev. Stat. 1987, ch. 95½, par. 11—502). The State argues that proof of knowledge is not required, but that section 11—502 creates an absolute liability offense. (See *People v. Graven* (1984), 124 Ill. App. 3d 990, 464 N.E.2d 1132 (knowledge is not a required element in illegal transportation of alcohol offense).) This district has not yet had the opportunity to address whether the prosecution of a defendant for a violation of section 11—502 requires proof of a mental state. We hold that proof of a mental state is not required.

The Appellate Court, Fourth District, after earlier holding that proof of defendant's knowledge was required, overruled its prior holding and held section 11—502 of the Code (Ill. Rev. Stat. 1987, ch. 95½, par. 11—502) created an absolute liability offense in that no proof of a mental state was required. (*People v. Graven* (1984), 124 Ill. App. 3d 990, 464 N.E.2d 1131, overruling *People v. Hutchison* (1977), 46 Ill. App. 3d 725, 361 N.E.2d 328.) The court in *Graven* adopted the well-reasoned analysis of Justice Mills' dissenting opinion in *Hutchison*, which recognized that section 4—9 of the Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, par. 4—9) provides that a person may be convicted of an offense without proof of a mental state, even where the statute defining the offense does not clearly

impose absolute liability, if the offense is a misdemeanor for which imprisonment may not be imposed and the fine does not exceed $500. (*People v. Graven* (1984), 124 Ill. App. 3d 990, 996, 464 N.E.2d 1132, 1136-37; *People v. Nunn* (1979), 77 Ill. 2d 243, 396 N.E.2d 27.) As Justice Mills discussed in his dissent in *Hutchison*, several sections of the Illinois Vehicle Code prior to the passage of section 4—9 of the Criminal Code of 1961 had been interpreted as absolute liability offenses and that, following 1961, these sections of the Vehicle Code were consistently interpreted as not requiring any particular *scienter. People v. Hutchison* (1977), 46 Ill. App. 3d 725, 727-28, 361 N.E.2d 328, 329 (Mills, J., dissenting), overruled by *People v. Graven* (1984), 124 Ill. App. 3d 990, 464 N.E.2d 1132.

The Appellate Court, Third District, however, in *People v. DeVoss* (1986), 150 Ill. App. 3d 38, 501 N.E.2d 840, declined to follow *People v. Graven* (1984), 124 Ill. App. 3d 990, 464 N.E.2d 1132, and held that proof of knowledge was required to show a violation of section 11—502(b) of the Code (Ill. Rev. Stat. 1987, ch. 95½, par. 11—502(b).) In *DeVoss*, the issue of whether section 11—502 is an absolute liability offense arose in the prosecution of a *passenger* under section 11—502(b). The *DeVoss* court reasoned that if section 11—502(b) imposed absolute liability upon a passenger for the unknowing transportation of alcohol, ridiculous results, not intended by the legislature, would result. (*People v. DeVoss* (1986), 150 Ill. App. 3d 38, 40, 501 N.E.2d 840, 842.) As an example, the court in *DeVoss* reasoned that an unsuspecting elderly gentleman, who accepted a ride home from an altar-guild member who was transporting open communion wine in her handbag, would be guilty of violating section 11—502(b). (*People v. DeVoss* (1986), 150 Ill. App. 3d 38, 41, 501 N.E.2d 840, 842.) However, we believe the court's opinion in *DeVoss* is based upon a mistaken interpretation of section 11—502(b). Section 11—502(b), as discussed earlier, does not make a passenger liable for transporting open alcohol but only for possessing, carrying or having open alcohol. The elderly man in the court's example in *DeVoss* did not possess, carry or have open alcohol in violation of section 11—502(b) and was not made liable where he simply accepted a ride home with a person who was transporting open alcohol. (Ill. Rev. Stat. 1987, ch. 95½, par. 11—502(b).) We agree with the resolution of the issue as expressed by the Appellate Court, Fourth District, in *People v. Graven* (1984), 124 Ill. App. 3d 990, 464 N.E.2d 1132, and hold that section 11—502 creates an absolute liability offense in that the State, in prosecuting a defendant for illegal transportation, is not required to prove that the defendant, as the driver of the vehicle,

had knowledge of the existence of the open container of alcoholic liquor. Ill. Rev. Stat. 1987, ch. 95½, par. 11—502.

A court of review will not set aside a criminal conviction unless the evidence is so unsatisfactory that it creates a reasonable doubt of defendant's guilt. (*People v. Adams* (1985), 109 Ill. 2d 102, 485 N.E.2d 339.) The evidence adduced at trial was sufficient to allow a rational trier of fact to conclude beyond a reasonable doubt that defendant committed the offense of illegal transportation of alcohol. (Ill. Rev. Stat. 1987, ch. 95½, par. 11—502(a).) According to defense counsel's bystander's report, defendant's passenger and witness, Tim Gabrielson, admitted in his testimony to possessing the open beer cans within the passenger area of the vehicle and to pleading guilty to possessing the beer cans. We assume Tim Gabrielson, as a passenger, pled guilty to violating section 11—502(b) of the Code by possessing alcoholic liquor in the open beer cans since possession of empty beer cans is not proscribed by the statute. (Ill. Rev. Stat. 1987, ch. 95½, par. 11—502(b).) The testimony of defendant's witness, viewed in a light most favorable to the State, alone, was sufficient to prove that alcoholic liquor, not in the original container with its seal unbroken, was in the passenger area of defendant's vehicle.

Defendant implicitly argues that the failure of the State to introduce testimony concerning a chemical analysis of the contents of the beer cans somehow precludes a finding of guilty. Defendant cites no authority, and we are unaware of any authority, which supports such a conclusion. (See *People v. Jacquith* (1984), 129 Ill. App. 3d 107, 472 N.E.2d 107 (testimony of arresting officer, alone, if qualified can be enough to sustain a conviction for driving while under the influence of intoxicating liquor).) Defendant does not argue that Officer McGrath was not competent to testify to his observations and opinion that the beer cans, which were introduced at trial, contained alcohol at the time of the traffic stop. (See *People v. Jenkins* (1974), 20 Ill. App. 3d 727, 315 N.E.2d 269 (officer who testified to smelling marijuana on numerous occasions could testify that he associated odor in defendant's apartment with marijuana).) The trial court as the trier of fact could properly rely on this testimony. (See *People v. Jacquith* (1984), 129 Ill. App. 3d 107, 472 N.E.2d 107 (layman is competent to testify regarding intoxication from alcohol, since such observations are within competence of all adults of normal experience).) Defendant does not dispute that he was the driver of the vehicle stopped by Officer McGrath or that Tim Gabrielson was a passenger in the vehicle. The evidence amply supported a finding that defendant, as a driver of a vehicle on the highways of Illinois, trans-

ported alcohol in an open container within the passenger area of a vehicle. Ill. Rev. Stat. 1987, ch. 95½, par. 11—502(a).

The judgment of the circuit court is affirmed.

Affirmed.

UNVERZAGT, P.J., and REINHARD, J., concur.