THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LORI L. RASCHER, Defendant-Appellant.

Fourth District   No. 4—91—0405

Opinion filed January 16, 1992.

George W. May and Richard B. Opsahl, both of Rantoul, for appellant.

Tony Lee, State's Attorney, of Paxton (Kenneth R. Boyle, Robert J. Biderman, and Leslie Hairston, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

On December 25, 1990, defendant Lori Rascher was ticketed for the offense of possession of open liquor by a passenger in a motor vehicle. (Ill. Rev. Stat. 1989, ch. 95½, par. 11—502(b).) After a jury trial in Ford County circuit court February 21, 1991, she was found guilty of the offense and fined $100 and court costs. Defendant appeals. She argues the State did not prove beyond a reasonable doubt that she possessed the open liquor found in the vehicle in which she was a passenger. Defendant also argues the court erred by reserving ruling on her motion for a directed verdict at the close of the State's case. We agree and reverse.

At defendant's trial, the State presented testimony by Donald Buckley, the Illinois State Police trooper who issued the ticket to defendant. Trooper Buckley was the State's only witness. He testified that on December 25, 1990, he was sent to a vehicular accident on Illinois Route 9, east of the Village of Elliot. He arrived about a

half-hour later and saw two vehicles which had been involved in the accident. One vehicle was completely burned. The other, the one in which the open liquor was found, was a 1983, four-door Oldsmobile Regency. Defendant's father-in-law owned the Oldsmobile. When Trooper Buckley arrived at the scene, only one person who was involved in the accident was at the scene. Defendant was not present.

According to Trooper Buckley, at least eight emergency vehicles were at the scene when he arrived. He also stated two other individuals who were at the scene had' been following the vehicle in which defendant was a passenger. Also present at the scene were numerous firefighters, who were hosing down the cars involved in the accident. Approximately a half-hour after arriving at the scene, a fireman told Trooper Buckley he had seen a bottle of beer in the Oldsmobile. Trooper Buckley then removed an open, partially full bottle of beer from under the right front passenger seat of the Oldsmobile. He tried to remove a second open bottle of beer from under the driver's seat, but could not because the bottle was frozen to the floorboard. Trooper Buckley observed that the smell of alcohol permeated the vehicle.

He interviewed defendant several days after the accident. Defendant admitted she was the front-seat passenger in the Oldsmobile the night of the accident. She stated she knew nothing about the bottles of beer. Trooper Buckley conceded there was no evidence defendant drank from either bottle. He explained, however, he issued the ticket to defendant because two open bottles of beer were found in the car and only two individuals were present in the car when the accident occurred.

He agreed the bottle he removed from under the passenger seat would have been difficult for the passenger to reach. However, he also explained, because of the sudden impact of the accident it was impossible to know whether the bottles were located where the bottles had been before the impact.

At the close of the State's case, defendant sought a directed verdict. The court reserved ruling on the motion. The judge reasoned "[t]here are a lot of things we don't know *** based on this evidence." Defendant presented no evidence or testimony. After discussion about jury instructions, defendant again requested a ruling on her motion for a directed verdict. The judge reserved ruling on the motion until *after* the jury returned its verdict.

The jury found defendant guilty of illegal possession of alcohol by a passenger in a motor vehicle. (Ill. Rev. Stat. 1989, ch. 95½, par. 11—502(b).) The court denied defendant's renewed request for

a directed verdict and fined defendant $100 and court costs. On May 7, 1991, the court denied defendant's post-trial motion for judgment *n.o.v.* or, in the alternative, a new trial.

In addressing the culpability of a *passenger* when open liquor is found in a vehicle, the statute under which defendant was convicted states, with certain exceptions not relevant to this case, as follows: "[N]o passenger may carry, possess or have any alcoholic liquor within any passenger area of any motor vehicle upon a highway in this State except in the original container and with the seal unbroken." Ill. Rev. Stat. 1989, ch. 95½, par. 11—502(b).

Defendant first argues the State did not prove beyond a reasonable doubt that she possessed the open liquor found in the vehicle. Trooper Buckley testified defendant was not at the scene when he arrived. He did not see defendant in possession of the bottle of beer. The parties disagree about whether defendant had constructive possession of the open liquor.

Defendant argues that to prove constructive possession, the State must show she had the power and intention to possess the open liquor. She notes the following jury instruction read to the jury in her case was submitted by the State:

> "A person has constructive possession when he lacks actual possession of a thing but he has both the power and the intention to exercise control over a thing either directly or through another person."

Defendant argues the State did not meet the threshold set out in its own tendered jury instruction. She contends because, as Trooper Buckley testified, she told him she did not know about the open liquor in the vehicle, she lacked the power and intent necessary to exercise control over the alcohol.

The State contends the statute under which defendant was convicted requires only that the passenger carry, possess, or have open alcohol and does not focus on whether the passenger intends to exercise control over the open liquor. It argues it did not have to show defendant knew alcohol was present. It contends the evidence showed defendant was the only passenger in the front seat. Only two people were present in the vehicle and two open bottles of beer were found in the vehicle. The jury could reasonably have concluded defendant, as the only passenger in the car, possessed one of the two open bottles of beer, *i.e.*, the one under her seat.

Defendant relies on *People v. DeVoss* (1986), 150 Ill. App. 3d 38, 501 N.E.2d 840, for her contention that section 11—502(b) of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1989, ch. 95½, par. 11—

502(b)) does not impose strict liability as to passengers. Rather, absent evidence supporting defendant's knowledge about the open liquor, she could not be convicted for this offense.

The State correctly contends the facts in *DeVoss* are distinct from those in this case because in *DeVoss*, defendant was a front-seat passenger and there were two additional passengers in the backseat. Two open liquor bottles were found in the backseat. (*DeVoss*, 150 Ill. App. 3d at 39, 501 N.E.2d at 841.) Unlike *DeVoss*, where there were three passengers and only two open bottles of liquor, in this case there were only two individuals in the car and two open bottles of liquor. According to the State, there is no doubt defendant in this case possessed the liquor as possession is contemplated by the statute.

The *DeVoss* court ruled that to convict a passenger in a vehicle of possession of open liquor, the State must prove the passenger knew or should have known about the open liquor. There, the Third District Appellate Court explicitly refused to follow a previous ruling made by this district in *People v. Graven* (1984), 124 Ill. App. 3d 990, 464 N.E.2d 1132, in which we concluded section 11—502 of the Code (see Ill. Rev. Stat. 1981, ch. 95½, par. 11—502) called for strict liability when a driver is charged with transporting open liquor. *DeVoss*, 150 Ill. App. 3d at 39-40, 501 N.E.2d at 841-42.

In addressing the culpability of a driver when open liquor is found in a vehicle, section 11—502(a) of the Code states with certain exceptions not relevant to this case:

> "[N]o driver may transport, carry, possess or have any alcoholic liquor within the passenger area of any motor vehicle upon a highway in this State except in the original container and with the seal unbroken." Ill. Rev. Stat. 1989, ch. 95½, par. 11—502(a).

Section 11—502 of the Code does not provide the applicable penalty for its violation. (Ill. Rev. Stat. 1989, ch. 95½, par. 11—502.) In *Graven*, we reasoned that when traffic laws provide no penalty, the offense is a petty offense which can only be punished by a fine. We further reasoned where a statute does not specify a mental state, section 4—9 of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 4—9) provides for a conviction without showing defendant had a specific mental state. We concluded section 11—502 of the Code was this type of statutory scheme. A driver could be guilty without knowing open liquor was being transported in the driver's car. (*Graven*, 124 Ill. App. 3d at 996-97, 464 N.E.2d at 1137.) The Second District Appellate Court has joined us

in this reasoning and ruling. *People v. Angell* (1989), 184 Ill. App. 3d 712, 716-17, 540 N.E.2d 1106, 1108 (the State is not required to prove that defendant, driver of vehicle, had knowledge of open liquor).

*Graven* and *Angell* involved drivers charged with illegally transporting alcohol. The question here is whether we should construe 11—502 of the Code differently because a passenger, and not a driver, is charged with possession of open liquor in a moving vehicle. The language used by the legislature in section 11—502(a) of the Code, which addresses a driver's liability, and the language used in section 11—502(b) of the Code, which addresses the liability of a passenger, differs only by deleting the liability of a passenger for the *transporting* of open liquor. It is possible to argue that because the language of the sections is comparable both drivers and passengers should be treated the same. We reject that argument because we believe there is a difference between drivers and passengers.

■ While the Third District Appellate Court in *DeVoss* disagreed with the reasoning in *Graven,* we believe the decisions in *Graven* and *DeVoss* are compatible. The combination of driving and alcohol is so dangerous that it reflects a legitimate legislative and social purpose to impose strict liability on a driver, as in *Graven,* but to require proof of knowledge as to a passenger, as in *DeVoss*. The passenger who does not know open alcohol is being transported or who does not know there is a flask of liquor under the seat or in the map pocket of a vehicle within easy reach is simply not someone who threatens the public safety or who should be ensnared in the wide net of strict liability. As in *DeVoss,* we conclude that whether a passenger knew or should have known of the existence of open liquor may be proven by circumstantial evidence and the inferences from that evidence. We believe the statute requires the State to show defendant knew about or intended to possess the open liquor.

The jury instruction submitted by the State defined constructive possession by reference to the power *and* intention to exercise control over a thing on the part of the defendant. The mental state of intention in this case requires that defendant knew the open liquor was in the car before she could have the intention to exercise control over it.

Defendant cites *People v. Upmann* (1978), 57 Ill. App. 3d 953, 373 N.E.2d 782, as support for her contention that the State has not established the open liquor was in defendant's exclusive control because the Oldsmobile was unoccupied at the accident site for over

an hour after the accident and before Trooper Buckley found the beer. The *Upmann* court reasoned the State did not show the liquor was in defendant's exclusive control because the vehicle was abandoned in an open field for about 2½ hours before it and the open liquor were discovered. (*Upmann*, 57 Ill. App. 3d at 954, 373 N.E.2d at 783.) Defendant notes Trooper Buckley testified there were numerous individuals at the site when he arrived. Trooper Buckley also stated he did not know where the liquor bottles may have been located before the impact.

When Trooper Buckley arrived over a half-hour after the accident occurred, firefighters were already hosing down the vehicles, and a number of individuals were at the scene. While the vehicle in this case was not abandoned for a significant period, as in *Upmann*, it was outside defendant's control and subject to the activities of drivers and occupants of eight emergency vehicles and several citizens from another car. Defendant also notes the driver could have controlled what was placed under the passenger's front seat.

Defendant's argument the State failed to prove her guilty beyond a reasonable doubt could only succeed on review if, when considering the evidence in the light most favorable to the prosecution, no rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt. *People v. Nitz* (1991), 143 Ill. 2d 82, 95-96, 572 N.E.2d 895, 901; *People v. James* (1990), 200 Ill. App. 3d 380, 395, 558 N.E.2d 732, 742.

■ As noted, the jury was instructed the evidence must show she intended to possess the open liquor. The facts do not support the jury's conclusion the evidence established intent or knowledge on the part of defendant beyond a reasonable doubt. Two open bottles of beer were found in the vehicle in which defendant was a passenger. One bottle was found on the driver's seat and the other bottle was found under the passenger's seat, where defendant had been seated. That is simply not enough to prove defendant guilty beyond a reasonable doubt. The accident clearly caused a sudden impact which may have scattered items in the car. The location of the bottle and the smell of an alcoholic beverage permeating the vehicle were sufficient to give the officer probable cause for the issuance of the citation, but without more, they were not enough to convict the passenger.

Defendant finally argues the trial court erred by reserving its ruling on defendant's request for a directed verdict at the close of the State's evidence. The State contends it is within the court's discretion to determine whether to reserve its ruling, and the defend-

ant has the burden of showing how this reserved ruling prejudiced the outcome of the case.

Defendant argues because the judge commented about his personal doubts about whether the evidence established she was guilty, the judge should have granted her motion for directed verdict at the close of the State's case. She notes the judge stated, "There's a lot of stuff we don't know based on this evidence." She argues the court compromised her right against self-incrimination by reserving ruling on her motion for directed verdict. She cites *People v. Trump* (1978), 62 Ill. App. 3d 747, 379 N.E.2d 370, for her argument that she should not have had to introduce evidence to prove her innocence without knowing whether the State's evidence was sufficient to establish her guilt.

The State argues there is no *per se* rule prohibiting a judge from reserving ruling on a motion for directed verdict at the close of the State's case. (*People v. Faulkner* (1978), 64 Ill. App. 3d 453, 457, 381 N.E.2d 321, 324; see also *People v. Watkins* (1990), 206 Ill. App. 3d 228, 243, 563 N.E.2d 806, 814.) In addition, the State suggests that to show the court erred in reserving its ruling on the motion, defendant must show how the reserved ruling prejudiced her. (*Watkins*, 206 Ill. App. 3d at 243, 563 N.E.2d at 814.) Here we have concluded the evidence was not sufficient to support the jury's verdict, and the trial court's comments suggest it too found the evidence lacking.

■■ A court is compelled to direct a verdict in favor of defendant at the close of the State's case if, in viewing all evidence in favor of the State, the evidence overwhelmingly favored defendant such that the jury could not have concluded otherwise. (*Condon v. American Telephone & Telegraph Co.* (1990), 136 Ill. 2d 95, 100, 554 N.E.2d 206, 208; *People v. Withers* (1981), 87 Ill. 2d 224, 230, 429 N.E.2d 853, 856.) The evidence in this case would have justified a directed verdict, but just as important, the defendant was entitled to a ruling on the motion rather than having to guess as to whether the State had proved its case.

A trial judge should not be allowed to circumvent rules of law by postponing a decision on a proper motion (see *In re Dominique F.* (1991), 145 Ill. 2d 311). Under section 115—4(k) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1989, ch. 38, par. 115—4(k)), the trial court is obligated to rule on the defendant's motion for a directed verdict. Here, the trial judge did not rule on the motion at the close of the State's evidence or at the close of all the evidence, but instead waited until after the jury verdict to deny the

motion. To postpone the ruling makes the trial a guessing game for the defendant. The defendant should not have to guess as to whether the State's evidence was sufficient nor as to whether the trial court expects the defendant to testify. A trial court should not reserve ruling on a motion for directed verdict at the close of the State's evidence. The practice could be reversible error in some cases.

The State's evidence was not sufficient to prove the elements of the offense beyond a reasonable doubt.

Reversed.

STEIGMANN and McCULLOUGH, JJ., concur.