2021 IL App (1st) 180218-U

No. 1-18-0218

Order filed January 29, 2021

SIXTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of |
| Plaintiff-Appellee, | ) ) | Cook County. |
| | ) ) | Nos. 38741320 |
| v. | ) ) ) ) | 38741321 38741322 38741323 |
| | ) | |
| | ) ) | Honorable Devlin Schoop, |
| JAMES McCOMB, | ) ) | Diann K. Marsalek, and Marina E. Ammendola, |
| Defendant-Appellant. | ) | Judges, presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justice Connors and Justice Oden Johnson concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Defendant's conviction for transportation of alcohol in a motor vehicle is reversed where the evidence was insufficient to establish the presence of alcoholic liquor in his vehicle.

¶ 2    Following a bench trial, defendant James McComb was found guilty of driving under the influence (DUI), aggravated speeding, improper lane change, and transportation of alcohol, and was sentenced to 12 months' supervision on each count, to be served concurrently.[1] On appeal, defendant contends his conviction for transportation of alcohol should be reversed where the evidence only established there were empty alcohol containers, and no actual alcohol, inside his vehicle. We reverse.

¶ 3    Defendant was ticketed for one count each of DUI (625 ILCS 5/11-501(a)(2) (West 2014)), aggravated speeding (625 ILCS 5/11-601.5(a) (West 2014)), improper lane usage (625 ILCS 5/11-709(a) (West 2014)), and illegal transportation of alcohol (625 ILCS 5/11-502(a) (West 2014)). As defendant challenges only his conviction on the illegal transportation of alcohol count, we recite only those facts necessary to decide this appeal.

¶ 4    At trial, Illinois State Police trooper Sniady testified he was on duty, in uniform, and driving a marked police vehicle at approximately 2:30 a.m. on May 18, 2015.[2] As he traveled westbound on I-290, he saw a silver vehicle traveling over the speed limit, "between the first and second lane from the right shoulder," and "onto the right shoulder itself." He determined the vehicle was driving 84 miles per hour in a 55 mile per hour zone.

¶ 5    Sniady pulled the vehicle over and approached the driver side. The driver was defendant, whom Sniady identified in court. Defendant was alone in the vehicle. While speaking with defendant, Sniady noticed that his speech was "thick-tongued and slurred" and his "eyes were glassy and bloodshot." Sniady also "detected a strong odor of alcoholic beverage emanating from

---

[1] Different judges presided at the trial, motion to reconsider, and sentencing hearings.
[2] Sniady did not provide his first name.

the vehicle." Sniady asked defendant if he had been drinking, and defendant stated he had one Long Island iced tea approximately one hour prior. Defendant exited his vehicle at Sniady's request, and Sniady "detected an odor of alcoholic beverage emanating from his exhaled breath." Sniady administered the Horizontal Gaze Nystagmus test and observed defendant exhibit six of six possible clues of alcohol consumption. As defendant walked with a crutch, Sniady did not administer the two standing tests.

¶ 6       Sniady found "two cans of beer in the front compartment" of defendant's vehicle; "[o]ne was an empty can of Icehouse, another one was an empty can of Miller Genuine Draft." In the same area, he also found "multiple plastic cups;" Sniady testified he did not recall if there was any liquid in the cups, and that "the liquid was gone." The empty cans and the cups had "a strong odor of an alcoholic beverage emanating from within." Sniady did not inventory the cans or the cups, and did not document them in his police report.

¶ 7       Sniady testified a video recording from his police vehicle's camera accurately depicted this incident. The video depicts a vehicle, which Sniady identified as defendant's vehicle, traveling and then pulling over on the shoulder of an expressway after Sniady activates the lights and sirens of his vehicle. Sniady is seen approaching the driver side of defendant's vehicle and speaking to the driver, necessarily defendant. Defendant exits the vehicle when ordered by Sniady to do so, and stands on the shoulder of the expressway. Sniady questions defendant on the shoulder and conducts field sobriety tests.

¶ 8       On two separate occasions, Sniady opens the passenger side door of defendant's vehicle and leans inside it. The second time, Sniady returns to his vehicle and places two aluminum cans on the hood of his police vehicle. He holds the cans up to the camera and says that one is "Ice

House" and the other is "Miller Genuine Draft." The labels on the cans are not legible, but the can Sniady says is "Miller Genuine Draft" is crushed. When Sniady is talking to defendant, defendant's responses are difficult to hear. Sniady is apparently repeating defendant's answers, and at one point states defendant said he drank one Long Island an hour before the stop.

¶ 9    Sniady transported defendant to the Westchester police station. After reading the Warnings to Motorist, defendant refused a breathalyzer or alternate chemical testing for DUI. Based on all of Sniady's observations and interaction with defendant, it was his opinion defendant was driving under the influence of alcohol.

¶ 10    On cross-examination, Sniady testified he did not recall what defendant said about the contents of the cups, and that he did not recall whether there was any liquid in the cups.

¶ 11    Defendant made a motion for directed finding on the DUI count, which the court denied.

¶ 12    Defendant testified he was driving home on I-290 when he was pulled over by a trooper. He was driving 55 miles per hour, did not make any unsafe movements between lanes, and did not almost cause an accident. When the trooper asked if he had consumed any alcohol, defendant said he had a Long Island. The trooper asked defendant about the cups in his vehicle, and he "said people have been sitting – you know, those cups have been there. It's been stepped on. It's, like, a sleeve of cups with maybe six of them that's all together, and they were smashed."

¶ 13    On cross-examination, defendant testified he drank a "sample cup" of Long Island iced tea at dinner at a friend's house the night he was pulled over. At the police station, Sniady did not ask him if he wanted to take a breathalyzer test.

¶ 14    The court found defendant guilty on all counts, stating it found Sniady highly credible, and defendant fairly credible, but with notable inconsistencies. Regarding the transportation of alcohol count, the court stated:

"I do believe that the empty can of alcohol with the combination that the – the empty beer cans along with the trooper's testimony about the alcohol on your breath and the glassy eyes, I do believe that's significant circumstantial evidence to find you guilty. ***

I do believe that you consumed that beer. That's why it was empty. *** The mere fact that you have a beer can in your car empty with the testimony of your breath and the manner in which you're driving, all combined, is circumstantial evidence that you were under the influence, you were drinking. And if I believe, based on those circumstances, that you actually consumed the beer that was in that can, then yes, it was full. I can infer that reasonably, and therefore, you're transporting it."

¶ 15    Defendant was sentenced to 12 months' supervision on all four counts, to run concurrently.

¶ 16    On appeal, defendant only challenges his conviction for transportation of alcohol. Specifically, defendant contends his conviction should be reversed where the evidence only established there were empty containers, not actual alcohol, in his vehicle.

¶ 17    The parties disagree on the standard of review. Defendant claims that, because the relevant facts are not in dispute, we must review his conviction *de novo* as the question is whether those facts establish a violation of the statute under which he was convicted. The State argues defendant is challenging the sufficiency of the evidence supporting his conviction for transportation of alcohol. We agree with the State. *De novo* review applies "only when the facts are not in dispute and the defendant's guilt is a question of law." *People v. Curry*, 2018 IL App (1st) 152616, ¶ 16.

The facts were disputed at trial in this case. Defendant denied he committed any traffic violations, and denied he drank any alcohol other than one "sample cup" of Long Island iced tea approximately an hour before he was pulled over. He admitted there were cups in his vehicle, but claimed they were "crushed," and was silent as to the beer cans. His guilt is not a question of law, as he is challenging the sufficiency of the evidence to prove an element of transportation of alcohol, which is whether there was alcoholic liquor in his vehicle.

¶ 18 Because this is a challenge to the sufficiency of the evidence, we review " 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " *People v. Davidson*, 233 Ill. 2d 30, 43 (2009) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). We draw all reasonable inferences in favor of the State (*Davidson*, 233 Ill. 2d at 43), and we do not retry defendant. *People v. Collins*, 106 Ill. 2d 237, 261 (1985). We will not reverse a conviction "unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of defendant's guilt." *People v. Givens*, 237 Ill. 2d 311, 334 (2010).

¶ 19 To prove defendant guilty of transportation of alcohol, the State had to establish he transported, carried, possessed or had "any alcoholic liquor within the passenger area of any motor vehicle upon a highway in this State except in the original container and with the seal unbroken." 625 ILCS 5/11-502(a) (West 2014). " 'Alcoholic liquor' includes alcohol, spirits, wine and beer, and every liquid or solid, patented or not, containing alcohol, spirits, wine or beer, and capable of being consumed as a beverage by a human being." 235 ILCS 5/1-3.05 (West 2014).

¶ 20 We find the State did not prove defendant transported alcoholic liquor beyond a reasonable doubt. "[S]ection 11-502(a) turns on the actual presence of alcohol, not merely the container."

*People v. Bailey*, 2019 IL App (3d) 180396, ¶ 27. The State introduced no evidence the open beer cans or cups in defendant's vehicle contained any substance when defendant was driving that vehicle on the highway, let alone contained an alcoholic liquor. On the contrary, Sniady testified both beer cans were empty. He also testified the cups were empty, then claimed he did not recall whether there was liquid in them. No part of Sniady's testimony established there was alcoholic liquor in defendant's vehicle while he was driving on a highway. The evidence established only the presence of empty containers, and the presence of empty alcohol containers does not constitute a violation of section 11-502. See *People v. Angell*, 184 Ill. App. 3d 712, 717 (1989) ("possession of empty beer cans is not proscribed by [section 11-502].").

¶ 21 A review of the limited authority on this issue reveals no cases in which a conviction for a violation of section 11-502(a) has been affirmed when the State introduced no evidence of any kind of substance in the suspected alcoholic container. See, e.g., *People v. Miller*, 339 Ill. App. 3d 990, 993 (2003) (conviction reversed where officer found empty container of alcohol outside the driver side door of the defendant's vehicle and an unopened can of beer inside the vehicle). Rather, a conviction under section 11-502(a) appears to require evidence that some type of substance, which a factfinder could reasonably conclude was alcohol, was present in the suspected alcohol container. See, e.g., *Angell*, 184 Ill. App. 3d at 714-18 (officer recovered two beer cans containing liquid he identified as beer); *People v. Hood*, 343 Ill. App. 3d 1245, 1257 (2003) (officer recovered a beer can partially full of a substance that smelled like beer); *People v. Gore*, 115 Ill. App. 3d 1054, 1056-57 (1983) (officer recovered can labeled "Pabst Blue Ribbon Beer" with liquid in it). Because the State introduced no such evidence in this case, it failed to prove beyond a reasonable doubt that defendant committed the offense of transportation of alcohol.

¶ 22    The State argues "sufficient circumstantial evidence supported the trial court's reasonable inference that defendant had recently drunk the beer from [the] beer cans and thus had been in violation of section 11-502(a)." We disagree. The evidence did support an inference that alcohol had been present in the cans and cups *at some point*, as Sniady testified they smelled like alcohol. However, the evidence did not support a conclusion, beyond a reasonable doubt, that the cans and cups contained alcohol while defendant was "upon a highway." See 625 ILCS 5/11-502(a) (West 2014). In a prosecution for transportation of alcohol based on empty containers, "there are too many uncertainties to find defendant was proven guilty of this charge beyond a reasonable doubt." *Miller*, 339 Ill. App. 3d at 993. Accordingly, we reverse defendant's conviction for transportation of alcohol.

¶ 23    For the foregoing reasons, we reverse defendant's conviction for transportation of alcohol.

¶ 24    Reversed.