Arthur R. FINNEY,
Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 1–1185A289.

Court of Appeals of Indiana,
First District.

April 30, 1986.

Dennis Brinkmeyer, Evansville, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for plaintiff-appellee.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Arthur R. Finney appeals his conviction of driving a motor vehicle when his blood alcohol content was .10% or greater, as a class D felony,[1] contending the statute under which he was charged is unconstitutional, and that the class C misdemeanor charge was an insufficient basis for enhancement to a class D felony. We affirm.

## FACTS

An Indiana State Police Officer observed Finney driving a vehicle on U.S. Highway 41 in Evansville on November 20, 1984. The vehicle crossed the center line four or five times and was being driven in an erratic manner. The officer stopped the car and noticed that the driver, Finney, had bloodshot eyes and that he had a noticeable odor of alcohol about him. Finney was taken to

---

1. The relevant statutory provisions are:

"Ind.Code Ann. § 9–11–2–1 (Burns Supp. 1985) 'A person who operates a vehicle with ten-hundredths percent (.10%), or more by weight of alcohol in his blood commits a class C misdemeanor.'

"Ind.Code Ann. § 9–11–2–2 (Burns Supp. 1985) 'A person who operates a vehicle while intoxicated commits a class A misdemeanor.'

"Ind.Code Ann. § 9–11–2–3 (Burns Supp. 1985) 'A person who violates section 1 or section 2 of this chapter commits a class D felony if:

1) he has a previous conviction of operating while intoxicated; and

2) the previous conviction of operating while intoxicated occurred within the five (5) years immediately preceding the occurrence of the violation of section 1 or section 2 of this chapter.' "

the police station where an intoxilyzer test was administered which revealed his blood alcohol to be .10%. Prior to administering the intoxilyzer test, Finney successfully completed several dexterity tests. Finney was charged with driving a vehicle when his blood alcohol level was .10% or greater, a class C misdemeanor (Count I); operating a motor vehicle while intoxicated, a class D felony (Count I A); operating a motor vehicle while intoxicated, a class A misdemeanor (Count II); and operating a motor vehicle while intoxicated, a class D felony (Count II A). Trial by jury resulted in conviction of Counts I and I A, and acquittal on Counts II and II A. The court then sentenced Finney to four years in the Indiana Department of Correction to be served on the Alcohol Intensive Supervision Program, and his driver's license was suspended for two (2) years.

### ISSUES

1. Is Indiana Code section 9–11–2–1 which prohibits a person from driving a motor vehicle with ten-hundredths percent (.10%), or more by weight of alcohol in his blood unconstitutional?

2. Can the class C misdemeanor under Indiana Code section 9–11–2–1 form the basis for an enhancement to class D felony status under Indiana Code section 9–11–2–3?

### DISCUSSION AND DECISION

### ISSUE ONE

Finney contends Ind. Code § 9–11–2–1 is unconstitutional. He bases his argument upon a rather nebulous double jeopardy[2] argument which we find to be without merit.

■ First, we observe that statutes are presumed to be constitutional, and the burden is upon the party challenging a statute to show unconstitutionality. *John-*

son v. St. Vincent Hospital, Inc. (1980), 273 Ind. 374, 404 N.E.2d 585; *Sidle v. Majors* (1976), 264 Ind. 206, 341 N.E.2d 763; *Hunter v. State* (1977), 172 Ind.App. 397, 360 N.E.2d 588, *cert. denied* (1977) 434 U.S. 906, 98 S.Ct. 306, 54 L.Ed.2d 193. Before a statute will be declared repugnant to the constitution, either state or federal, its fatal constitutional defects must be clearly apparent. *Johnson,* 404 N.E.2d at 591. No such defect is clearly apparent here.

■ The legislature, in the exercise of the police power, and pursuant to its authority to regulate traffic upon the public highways, had the constitutional authority to prohibit a person having a blood alcohol of .10% or more to drive a motor vehicle upon the highways. *See Andrews v. City of Marion* (1943), 221 Ind. 422, 47 N.E.2d 968 (the legislature, under the police power, may enact laws for the regulation and control of traffic on the public highways); 15 I.L.E., *Highways,* § 151 ("In the exercise of its police powers, the State, through the Legislature, has the right to regulate and control the public highways and the use thereof, for the purpose of protecting the highways and promoting the safety, peace, health, morals, and general welfare of the people.")

Statutes making the operation of a motor vehicle by a person with a blood alcohol level of .10% or higher unlawful are constitutional, and have withstood vagueness, overbreadth, equal protection and due process challenges. *Fuenning v. Superior Court of Maricopa County* (1983), 139 Ariz. 590, 680 P.2d 121; *Johnston v. City of Fort Smith* (1985), 15 Ark.App. 102, 690 S.W.2d 358; *Roberts v. State* (1976), Fla., 329 So.2d 296; *People v. Graven* (1984), 124 Ill.App.3d 990, 80 Ill.Dec. 149, 464 N.E.2d 1132; *State v. D'Agostino* (1984), 203 N.J.Super. 69, 495 A.2d 915; *State v. Ferrell* (1985), 75 N.C.App. 156, 330 S.E.2d

2. Article I, section 14 of the Constitution of the State of Indiana provides that "[n]o person shall be put in jeopardy twice for the same offense."
The Fifth Amendment to the Constitution of the United States, made applicable to the states

by the Fourteenth Amendment, provides "nor shall any person be subject for the same offense to be twice put in jeopardy ..."

225; *State v. Tanner* (1984), 15 Ohio St.3d 1, 472 N.E.2d 689; *State v. Dwinell* (1984), 119 Wis.2d 305, 349 N.W.2d 739.

■ Neither is Ind.Code § 9–11–2–1 violative of the constitutional protection against double jeopardy. The Double Jeopardy Clause embraces three separate but related prohibitions: (1) a rule barring reprosecution for the same offense after acquittal; (2) a rule barring reprosecution for the same offense after conviction; and (3) a rule barring multiple punishment for the same offense. *Elmore v. State* (1978), 269 Ind. 532, 382 N.E.2d 893. The first two rules clearly are not involved here. Neither is the third, for it is clear Finney neither was nor could have been subjected to multiple punishment for the same offense.

■ Although Finney was charged under both Ind.Code § 9–11–2–1 and Ind.Code § 9–11–2–2, he was acquitted of the charge of operating a motor vehicle while intoxicated under Ind.Code § 9–11–2–2. Further, we have held that the offense of operating a vehicle while a person's blood alcohol content is .10% or more is a lesser included offense of driving while intoxicated. *Collins v. State* (1986), Ind.App., 491 N.E.2d 1020; *Sering v. State* (1986), Ind. App., 488 N.E.2d 369 (Buchanan, C.J., dissenting). Where a defendant was convicted of both offenses of driving with a blood alcohol content of .10% or more, and driving while intoxicated, and sentenced on both, we have held both convictions and sentences cannot stand and have remanded to vacate the conviction and sentence under Ind.Code § 9–11–2–1. *Collins*. Thus, no double jeopardy problem is presented here, and Ind.Code § 9–11–2–1 is constitutional.

ISSUE TWO

■ Finney next argues his conviction under Ind.Code § 9–11–2–1 of driving while his blood alcohol content was .10% or more, a class C misdemeanor, cannot form the basis for enhancement of the offense to a class D felony under Ind.Code § 9–11–2–3. He makes an attempt at a double jeopardy argument on this issue also. The argument must fail. Our legislature has determined that a person guilty of driving a motor vehicle when his blood alcohol content is .10% or more, who also has a conviction of driving while intoxicated within the past five (5) years should be determined to be guilty of a class D felony and punished accordingly. In other words, proof of the prior offense under Ind.Code § 9–11–2–2 merely enhances the offense under Ind. Code § 9–11–2–1 from a class C misdemeanor to a class D felony. *Collins; Smith v. State* (1983), Ind.App., 451 N.E.2d 57. This the legislature had authority to do under its police power authority to regulate the use of the highways for the public safety. No double jeopardy question is presented by enhancing the grade of the offense. *See Ferguson v. State* (1980), 273 Ind. 468, 405 N.E.2d 902 (double jeopardy provisions do not apply to habitual offender statute because no separate crime involved, rather the penalty is merely enhanced for the crime charged). Again, Finney received only one sentence. He was not subjected to multiple punishment in violation of the Double Jeopardy Clause.

Judgment affirmed.

ROBERTSON, P.J., and NEAL, J., concur.