**James R. KEYES, Appellant (Defendant),**

v.

**STATE of Indiana, Appellee (Plaintiff).**

**No. 08A02–8911–CR–00577.**

Court of Appeals of Indiana,
Second District.

Sept. 27, 1990.

Charles R. Deets, III, Heide Sandy Deets Kennedy Scrader & Antalis, Lafayette, for appellant.

Linley E. Pearson, Atty. Gen., Wendy Stone Messer, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

BUCHANAN, Judge.

## CASE SUMMARY

Appellant-defendant James R. Keyes (Keyes) appeals his conviction for operating a motor vehicle with a blood alcohol content greater than .10 percent,[1] claiming the presumption created by IC 9–11–4–15(b) (1988) is unconstitutional because it relieves the State from proving blood alcohol content at the time of the offense (and shifts the burden of proof to the defendant) and that the evidence was insufficient.

We affirm.

## FACTS

The facts most favorable to the judgment reveal that on December 4, 1988, Carroll County Deputy Sheriff Tony Burns (Burns) was on routine patrol travelling northbound on State Road 29. He observed Keyes driving southbound and clocked him at sixty-eight miles per hour in a fifty-five mile per hour zone.

Burns stopped Keyes' vehicle and observed him walk unsteadily toward the patrol car. He then noticed that Keyes smelled of alcohol. Keyes failed a field sobriety test and was then taken to jail and given a breath test which revealed a blood alcohol content of .13 percent. Both tests were administered within three hours of the offense.

Following a jury trial on July 25, 1989, Keyes was found guilty of operating a motor vehicle with a blood alcohol content greater than .10 percent.

## ISSUES

Keyes presents the following issues for our review:

1. Whether the presumption in IC 9–11–4–15(b), that a subsequent blood alcohol content existed at the time of an alleged offense, is constitutional?

2. Whether the evidence was sufficient to support the conviction?

## DECISION

ISSUE ONE—Is the presumption in IC 9–11–4–15(b) constitutional?

PARTIES' CONTENTIONS—Keyes argues that IC 9–11–4–15(b) is unconstitutional because that statute relieves the State from proving the defendant's blood alcohol content at the time of the offense, and the burden of proving his blood alcohol content was less than .10 percent when he operated the vehicle was improperly shifted to him.

The State responds that the burden of proof is not shifted to the defendant inasmuch as the presumption in IC 9–11–4–15(b) is rebuttable and the defendant may produce evidence to overcome that presumption.

CONCLUSION—The presumption created by IC 9–11–4–15(b) is constitutional.

■ The presumption in IC 9–11–4–15(b) that a subsequent blood alcohol content existed at the time of an alleged offense is constitutional. IC 9–11–4–15 reads as follows:

"(a) At any proceeding concerning an offense under I.C. 9–11–2, evidence of the amount by weight of alcohol that was in the blood of the person charged with the offense:

(1) at the time of the alleged violation; or

(2) *within the period of time allowed for testing under Section 2 of this chapter; as shown by the analysis of the person's breath, blood, urine, or other bodily substance is admissible.*

(b) If, in a prosecution for an offense under IC 9–11–2, evidence established that:

(1) a chemical test was performed on a test sample taken from the person charged with the offense within the period of time allowed for testing under Section 2 of this chapter; and

(2) the person charged with the offense had at least ten hundredth percent

1. Ind.Code 9–11–2–1 (1988).

(0.10%) by weight of alcohol in the person's blood at the time the test sample was taken; *the trier of fact shall presume that the person charged with the offense had at least ten-hundredths percent (0.10%) by weight of alcohol in the person's blood at the time the person operated the vehicle. However, this presumption is rebuttable.*"

(Emphasis supplied).

This issue was addressed in *Chilcutt v. State* (1989), Ind.App., 544 N.E.2d 856. In upholding the constitutionality of the presumption spelled out in IC 9–11–4–15(b), this court concluded:

"There is a rational connection in IND. CODE § 9–11–4–15 between the fact proved and the ultimate fact presumed. The fact proved is the person had a blood alcohol content of at least .10% at the time the test sample was taken, which was within the specified period of time [three hours; *see* IC 9–11–4–2]. This leads to the ultimate fact presumed that within this time period when the defendant had been operating his vehicle he had at least a blood alcohol content of .10%.

Presumptions in criminal statutes are not considered conclusive and do not affect the burden of proof, but shift the burden of going forward with evidence to the defendant. 22A C.J.S. Criminal Law 579 (1988 Supp.). The State remains responsible for proving the necessary elements of the offense beyond a reasonable doubt. The defendant's constitutional rights have not been destroyed. The presumption is rebuttable and the defendant may produce evidence to overcome the presumption."

*Chilcutt, supra* at 858.

We adopt this language and reject Keyes' argument that *Chilcutt* is distinguishable because his blood alcohol content was determined from a *breath* sample rather than from the *blood* test that was performed in *Chilcutt.* This is a distinction without difference as the statute provides specifically for a person's "breath" or "blood" tests. The results of any such testing goes only to the *weight* of the evidence. *See Shuman v. State* (1986), Ind. App., 489 N.E.2d 126, *trans. denied; Orr v. State* (1984), Ind.App., 472 N.E.2d 627, *trans. denied.*

So the breath test results were properly admitted and they established the presumption that Keyes had at least .10 percent by weight of alcohol in his blood at the time he operated the vehicle.

ISSUE TWO—Whether the evidence was sufficient to support Keyes' conviction?

CONCLUSION—The evidence was sufficient.

■ In light of our disposition of Issue I, *supra*, the breath test established that Keyes operated his vehicle with a .13 percent blood alcohol level. *See Chilcutt, supra.* The State also established that the administrator of the test was properly certified, that the machine was operating properly, that Keyes was given the test within the requisite time frame, and the proper procedures were followed when the test was administered. *Record* at 27–41. This evidence therefore established beyond a reasonable doubt that Keyes was guilty of operating a vehicle with a blood alcohol content greater than .10 percent.

Judgment affirmed.

SHIELDS, P.J., concurs.

CONOVER, J., concurs in result.