**STATE of Indiana, Appellant–Plaintiff,**

**v.**

**Edmund STAMM, Appellee–Defendant.**

**No. 49A02–9209–CR–410.**

Court of Appeals of Indiana,
Second District.

June 22, 1993.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellant-plaintiff.

Jeffrey A. Baldwin, Indianapolis, for appellee-defendant.

FRIEDLANDER, Judge.

### CASE SUMMARY

The State of Indiana appeals the trial court's order granting the appellee-defendant Edmund Stamm's (Stamm) motion to suppress the results of a blood alcohol test.

We reverse.

### FACTS

The facts[1] most favorable to the trial court's decision reveal that at approximately 11:05 p.m. on October 20, 1991, Indianapolis police officer Donald Terheide arrived at the scene of a two car accident involving Stamm and another driver. Stamm was not given a breathalyzer at the scene. At Methodist Hospital in Indianapolis, where Stamm was taken after the accident, Indianapolis police officer Donald Bee (Bee) observed Stamm asleep and snoring in the emergency room. When Stamm was awakened, Bee observed that Stamm's speech was slurred and he had watery eyes. An alco-sensor test showed Stamm had a blood alcohol content (BAC) of .10%.

At 2:25 a.m. on October 21, 1991, blood was drawn from Stamm in the emergency room of the hospital. Analysis of the blood sample showed that Stamm had a BAC of .18%. Stamm was charged with operating a vehicle while intoxicated[2] and operating a vehicle with a BAC in excess of .10%[3].

Before trial, Stamm moved to suppress the results of the blood test claiming that his blood had not been drawn within three hours of the accident as required by statute; that the State had failed to list as a witness the person who drew the blood sample; and that the blood test had been obtained through a warrantless seizure and without probable cause. Following a hearing, the court determined that the blood test had not been the product of an illegal seizure and that a proper foundation had been established. However, the trial court granted Stamm's motion and excluded the

---

1. The facts discussed in this opinion are those the State culled from the information filed in this case as well as the hearing on the motion to suppress. Stamm offers no objection to such facts outlined in the State's appellate brief.

2. Ind.Code 9-30-5-2 (1992 Supp.).

3. IC 9-30-5-1.

blood test on the basis that the blood sample had been taken more than three hours after the accident. The State dismissed the charges against Stamm and brought this appeal pursuant to Ind.Code 35–38–4–2(5) (1988).

## ISSUE

Did the trial court err in excluding the blood test?

## DECISION

*PARTIES' CONTENTIONS*—The State claims that the trial court misconstrued the relevant statutory provisions when it excluded the results of the blood test. Stamm replies that the exclusion of the blood test was within the trial court's discretion and that his other asserted grounds support the exclusion.

*CONCLUSION*—The trial court erred.

■ Two statutory provisions are relevant to our inquiry: Ind.Code 9–30–6–15 (1992 Supp.) (hereinafter referred to as Section 15) and IC 9–30–6–2 (hereinafter referred to as Section 2).

Section 15 provides:

"(a) At any proceeding concerning an offense under IC 9–30–5, evidence of the amount by weight of alcohol that was in the blood of the person charged with the offense:

(1) at the time of the alleged violation; or

(2) within the time limit allowed for testing under section 2 of this chapter; as shown by an analysis of the person's breath, blood, urine, or other bodily substance, is admissible.

(b) If, in a prosecution for an offense under IC 9–30–5, evidence establishes that:

(1) a chemical test was performed on a test sample taken from the person charged with the offense within the period of time allowed for testing under section 2 of this chapter; and

(2) the person charged with the offense had at least ten-hundredths percent (0.10%) by weight of alcohol in the

person's blood at the time the test sample was taken;

the trier of fact shall presume that the person charged with the offense had at least ten-hundredths percent (0.10%) by weight of alcohol in the person's blood at the time the person operated the vehicle. However, this presumption is rebuttable."

Section 2 provides:

"(a) A law enforcement officer who has probable cause to believe that a person has committed an offense under this chapter, IC 9–30–5, or IC 9–30–9 shall offer the person the opportunity to submit to a chemical test.

(b) A law enforcement officer:

(1) is not required to offer a chemical test to an unconscious person; and

(2) may offer a person more than one (1) chemical test under this chapter.

(c) A test administered under this chapter must be administered within three (3) hours after the law enforcement officer had probable cause to believe the person committed an offense under IC 9–30–5.

(d) A person must submit to each chemical test offered by a law enforcement officer in order to comply with the implied consent provisions of this chapter."

Stamm concedes that chemical tests taken outside the three hour limit are not *per se* inadmissible. In *Tyner v. State* (1987), Ind.App., 503 N.E.2d 444, this court construed the statutory precursor to Section 2 (the former Ind.Code 9–11–4–2) and concluded "that three hours is, *in terms of the admissibility of a chemical test,* not a magic time period." *Tyner, supra* at 449 (emphasis supplied).

When granting Stamm's motion, the learned trial judge opined:

"Okay, after reading the case of *Tyner v. State* where it does allow admissibility for lab tests resulting after a three and a half (3½) hour period, I think the facts of that case are a little bit different from this case in that there was delay that resulted from Mr. Tyner initially consenting then throwing the sample in the toilet

which I think caused some unreasonable delay in that situation. I don't think that's the case in this matter. So my ruling as far as admissibility for the test pursuant to the three (3) hours statute, I'm going to go ahead and grant that for the Defense and rule that the test is going to be inadmissible."

*Record* at 97–98.

The trial court erred when it distinguished this court's decision in *Tyner* due to the difference in the reason for the delay in taking the test. The reason for the delay in *Tyner* was irrelevant to the question of admissibility of the test pursuant to the statutes. Nothing in either Section 2 or Section 15 renders a test taken beyond the three hour limit inadmissible. The reason for the delay in Stamm's test provides no basis for excluding the test.

The only effect of the failure to perform the test within the statutory timeframe is that the State is deprived of the rebuttable presumption provided in Section 15(b). *See Warthen v. State* (1992), Ind.App., 588 N.E.2d 545; *Mordacq v. State* (1992), Ind. App., 585 N.E.2d 22. Thus, the delay is relevant only to the rebuttable presumption, not the admissibility of the chemical test.

The results of the test may be used to determine the precise BAC of the defendant at the time of the accident if the State produces additional evidence of such BAC by means of extrapolation. *See Tyner, supra.* Further, the test results would also be admissible to show that the defendant had some alcohol in his system, to support the charge of operating a vehicle while intoxicated.

■ We also reject Stamm's assertions that the other grounds recited in his motion to suppress support the exclusion of the blood alcohol test. The trial court correctly determined that the test was not inadmissible on those grounds. The officer who ordered the blood test did not lack probable cause to believe Stamm had violated IC 9–30–5, and the State was not required to present at the suppression hearing as a

witness the person who actually drew the blood from Stamm. *See Hayes v. State* (1987), Ind.App., 514 N.E.2d 332, *trans. denied.*

Because the blood alcohol test was relevant and admissible evidence, *Tyner, supra,* the trial court erred when it granted Stamm's motion to suppress and excluded the blood alcohol test.

Judgment reversed.

SHIELDS and GARRARD, JJ., concur.