Mary FINNEY, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 46A03–9607–CR–228.

Court of Appeals of Indiana.

July 28, 1997.

Steven C. Snyder, Michigan City, for Appellant–Defendant.

Pamela Carter, Attorney General, Preston W. Black, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

HOFFMAN, Judge.

Appellant-defendant Mary Finney appeals from her conviction of operating a vehicle with at least 0.10% by weight alcohol in her blood, enhanced to a Class D felony. The facts most favorable to the judgment are presented below.

Shortly before 8:00 P.M., on June 2, 1994, LaPorte County Sheriff Captain Michael Mollenhauer observed Finney driving a Chevrolet westbound on County Road 300 South. He noted that Finney was traveling at a high rate of speed as she approached a four-way stop at County Road 300 East. Captain Mollenhauer then heard a loud noise.

The captain immediately drove to the intersection where he observed that Finney's automobile had collided with another automobile carrying a woman and her baby. Captain Mollenhauer summoned an ambulance and approached Finney. Finney smelled of alcohol and when the ambulance crew arrived, she became combative.

Finney was transported to the LaPorte Hospital. At the hospital, Indiana State Police Trooper Chris Hager questioned Finney about the accident. Finney admitted that she was the driver of the Chevrolet but "didn't know what had occurred." The trooper noted that Finney's eyes were bloodshot and that her breath smelled of alcohol.

Trooper Hager requested hospital personnel to draw a sample of Finney's blood. At 9:06 P.M., samples of Finney's blood were drawn. On June 7, 1994, Trooper Hager transported one of the samples to the Indiana State Police laboratory. Laboratory analysis revealed that the sample contained a blood alcohol content (BAC) of 0.12%

Finney was charged with operating a vehicle with at least 0.10% by weight alcohol in

her blood, a Class C misdemeanor. The charge was enhanced to a Class D felony based upon Finney's earlier conviction of driving while intoxicated. Following a bench trial, Finney was convicted as charged. She now appeals.

Finney raises the following restated issues for review:

(1) whether IND. CODE § 9-30-6-15 (1993 Ed.) is unconstitutional;

(2) whether Finney's expert witness, Dr. Miles Jones, rebutted IND. CODE § 9-30-6-15's permissive presumption regarding Finney's blood alcohol content; and

(3) whether there is sufficient evidence to support Finney's conviction for operating a vehicle with at least 0.10% by weight of alcohol in her blood.

■ Finney contends that the statutory presumption relating back to a person's blood alcohol content from the time of the test to the time of the accident should be rejected. Specifically, she challenges the constitutionality of IND. CODE § 9-30-6-15.

■ Statutes are presumed to be constitutional and such a presumption continues until clearly overcome by a showing to the contrary. *Finney v. State*, 491 N.E.2d 1029, 1031 (Ind.Ct.App.1986); *Lewis v. State*, 484 N.E.2d 77, 79 (Ind.Ct.App.1985), *trans. denied.* The burden is on the party challenging a statute to show unconstitutionality. *Finney*, 491 N.E.2d at 1031. All doubts must be resolved in favor of constitutionality. *Regan v. State*, 590 N.E.2d 640, 645 (Ind.Ct. App.1992).

■ Our legislature may enact laws declaring that, on proof of one fact, another fact may be inferred or presumed; such enactments are constitutional, provided no constitutional right of the accused is destroyed thereby, the presumption is subject to rebuttal, and there is some rational connection between the fact proved and the ultimate fact presumed. *Thompson v. State*, 646 N.E.2d 687, 690 (Ind.Ct.App.1995), *trans. denied;* *Hall v. State*, 560 N.E.2d 561, 562 (Ind.Ct. App.1990). IND. CODE § 9-30-6-15, previously IND. CODE § 9-11-4-15, has withstood numerous constitutional challenges before this Court. As noted in *Chilcutt v.*

*State*, 544 N.E.2d 856, 858 (Ind.Ct.App.1989), *trans. denied:*

There is a rational connection in IND. CODE § 9-11-4-15 [now IND. CODE § 9-30-6-15] between the fact proved and the ultimate fact presumed. The fact proved is the person had a blood alcohol content of at least .10% at the time the test sample was taken, which was within the specified period of time. This leads to the ultimate fact presumed that within this time period when the defendant has been operating his vehicle he had at least a blood alcohol content of .10%

*Id.* at 858; *accord Keyes v. State*, 559 N.E.2d 1216, 1218 (Ind.Ct.App.1990); *Thompson*, 646 N.E.2d at 690-691. As the party challenging the statute, Finney bears the heavy burden of showing that the statute is unconstitutional. *Person v. State*, 661 N.E.2d 587, 592 (Ind.Ct.App.1996), *trans. denied.* Finney, however, offers nothing of substance to support her constitutional attack of the statute. *See State v. Rendleman*, 603 N.E.2d 1333, 1334 (Ind.1992) (all doubts are resolved against the party challenging the statute).

■ Additionally, Finney's assertions regarding alcohol metabolism rely on unsubstantiated speculation. Her claim that "BAC extrapolations are never possible in the absorption phase" mischaracterizes Dr. Miles Jones' testimony. As pointed out by the trial court, Dr. Jones merely indicated that extrapolation may be calculated for the excretion phase with the availability of additional information. Finney, however, did not provide Dr. Jones with enough information to enable him to calculate her blood alcohol content. Thus, Finney has failed to rebut the presumption that her blood alcohol content was at least 0.10% at the time she had been operating her vehicle. *See Livingston v. State*, 537 N.E.2d 75, 77-78 (Ind.Ct.App. 1989) (affirming conviction of operating a vehicle with 0.10% or more blood alcohol content when the defendant failed to rebut the statutory presumption relating back to the results of his blood alcohol test).

■ Finney further challenges the sufficiency of the evidence to sustain her conviction. When reviewing the sufficiency of the

evidence, this Court will neither weigh the evidence nor judge the credibility of witnesses. Rather, this Court will consider the evidence most favorable to the State and all reasonable inferences, which may be drawn therefrom, to see if there is substantial evidence of probative value to support the verdict. *Regan,* 590 N.E.2d at 645.

In the present case, the evidence showed that shortly before 8:00 P.M. on June 2, 1994, Finney operated her vehicle. At approximately 9:06 P.M. the same evening, a sample of Finney's blood was drawn. The sample was analyzed by Ann Werner–Tenbarge, a forensic chemist. Tenbarge testified that she followed standard procedures when analyzing the sample using gas chromatography. Her analysis shows that the sample taken from Finney on the evening of the incident had a blood alcohol content of 0.12%. Because the BAC test was administered within three hours of the time Finney was operating her vehicle, the evidence is sufficient to support her conviction. *See* IND. CODE § 9–30–6–15; *Thompson,* 646 N.E.2d at 693. Thus, the judgment of the trial court is affirmed.

Affirmed.

GARRARD, J., concurs.

SULLIVAN, J., concurs with separate opinion.

SULLIVAN, Judge, concurring.

I concur in the affirmance of this conviction. I do so because Finney did not successfully rebut the permissive presumption created by I.C. 9–30–6–15. Although the testimony of Dr. Jones cast, by inference, some adverse reflection upon the validity of the conclusion that Finney's BAC at the time of the accident could be deduced by a single, later-conducted BAC test, such does not rise to the level of destroying the permissibility of the presumption.

In this connection, however, I disagree with the majority's assessment of a portion of Dr. Jones's testimony. He testified that retrograde extrapolation may only be validly done when the person is excreting, i.e. when the BAC is on the decrease. Record at 105–106. It is true, as stated by the majority, that in order to make such extrapolation, certain types of information must be available, including gender and body weight. The doctor, however, clearly stated that extrapolation cannot be done based upon a test conducted while the individual was in the absorption stage, i.e. while his BAC was on the increase.

Doctor Jones's evidence is not inconsistent with the views held by a reputable segment of the scientific community to the effect that attempts to use retrograde extrapolation to determine BAC at an earlier time is problematical at best; and it is particularly questionable when the extrapolation is made from only a single BAC test. Edward F. Fitzgerald & David N. Hume, *The Single Chemical Test for Intoxication: A Challenge to Admissibility* (1981) 66 Mass.L.Rev. 23; *see State v. Geisler* (1990) 22 Conn.App. 142, 576 A.2d 1283 (Conn. statute requires at least two tests thirty minutes apart).

The view of these scholars is not undermined by our decision in *Chilcutt v. State* (1989) Ind.App., 544 N.E.2d 856. That decision stated that "[t]here is a rational connection in [the statute] between the fact proved and the ultimate fact presumed." *Id.* at 858. The conclusion is unaccompanied, however, by any analysis or reference to other scientific or jurisprudential authority. *See also Thompson v. State* (1995) Ind.App., 646 N.E.2d 687; *Hartman v. State* (1993) Ind. App., 615 N.E.2d 455; *Keyes v. State* (1990) Ind.App., 559 N.E.2d 1216. It is more likely than not based upon the widely held premise that the peak BAC is reached relatively quickly after the last alcohol is consumed and that therefore the BAC at the time of the accident would be necessarily higher than at the time of a later administered blood test. It is assumed that the BAC will always decline steadily after arrest up to the time of the test. *See Munn v. State* (1975) Ark., 257 Ark. 1057, 521 S.W.2d 535; *State v. Gallant* (1967) 108 N.H. 72, 227 A.2d 597; *Toms v. State* (1952) 95 Okla.Crim. 60, 239 P.2d 812. Extrapolation is frequently deemed unnecessary utilizing the so-called "Widmark B" factor. This approach is premised upon the concept that the rate at which alcohol is eliminated from the blood is constant without

regard to the amount of alcohol consumed or the rate of consumption. 1 Donald H. Nichols, Drinking/Driving Litigation § 11.16 (1996). The typical rate of elimination used by experts is 0.015 grams % per hour. *Id.* Thus, if the BAC at the time of testing is higher than that set forth in the criminal statute, it is presumed that the BAC at the earlier time was higher than reflected by the test. However, this approach assumes that the subject, at the time of vehicle operation and at time of testing, was eliminating alcohol from the blood, and that at the time of operation, he was not still absorbing alcohol into the blood. It has been demonstrated, however, that the premise is faulted. Fitzgerald & Hume, *supra.* Thus, the connection between the proved fact of Finney's 0.12% BAC at 9:06 PM and the assumed fact of a BAC of at least that level or a higher level at the time of the accident may be less "rational" than commonly thought. That we so readily admit such single-test evidence as probative and relevant may be open to question. At a future time it might be determined that BAC test evidence should not be admitted unless at least two blood samples were taken at different times and thereafter tested and unless the extrapolation takes into consideration the other relevant factors concerning the absorption rate and excretion rate of the particular individual. *See State v. Stamm* (1993) Ind.App., 616 N.E.2d 377 (test administered more than three hours after vehicle operation does not trigger the presumption of IC 9–30–6–15, but the test results are admissible if coupled with evidentiary extrapolation).

Nevertheless, Finney has not sufficiently rebutted the presumed fact so as to dictate reversal. Evidence casting doubt upon the presumption created by our General Assembly does not, under our current state of the law, render single test BAC evidence inadmissible. Rather, evidence in rebuttal of the presumption is to be weighed, and the trier of fact is at liberty to accept or reject the ultimate fact presumed, i.e. that the vehicle operator had a BAC as high or higher when operating the vehicle, as when later tested. *Thompson v. State, supra; Hall v. State* (1990) Ind.App., 560 N.E.2d 561.

Subject to the caveat expressed herein, I concur.