David DISBRO, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 15A05–0303–CR–106.

Court of Appeals of Indiana.

July 14, 2003.

George Hoffman, III, Bradley Johnson, Jones Hoffman & Admire, Franklin, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, David A. Disbro (Disbro), appeals his conviction for operat-ing a vehicle with a blood alcohol content of .08% or more, a Class C misdemeanor, Ind.Code § 9–30–5–1(a).

We affirm.

### ISSUES

Disbro raises two issues on appeal, which we restate as follows:

1. Whether the statutory presumption concerning blood alcohol content level found in I.C. § 9–30–6–15 survives the introduction of evidence which may rebut it; and

2. Whether the evidence is sufficient to sustain Disbro's conviction.

### FACTS AND PROCEDURAL HISTORY

On or about November 24, 2001, at approximately 3:15 a.m., Indiana State Trooper Jesse Combs (Trooper Combs) was on patrol. At this time, he saw a vehicle approaching at a high rate of speed. Disbro was driving this vehicle. Trooper Combs turned around and followed Disbro. While following Disbro, Trooper Combs watched Disbro change lanes twice and make a right hand turn without signaling. Eventually, Trooper Combs caught up to Disbro, paced his speed, and determined that Disbro was driving sixty-five miles per hour in a forty-five mile per hour zone. As a result, Trooper Combs activated his lights in order to pull Disbro over. However, Disbro drove another half mile before he stopped.

When Trooper Combs approached Disbro's car, he smelled the odor of alcoholic beverages about Disbro's person. Trooper Combs also noticed that Disbro was not wearing his seatbelt. Further, Disbro's eyes were red and watery, his clothing was somewhat disorderly, and his speech was slurred, slow, and deliberate. Trooper

Combs noted that Disbro experienced difficulty in retrieving his driver's license from his wallet. Initially, Disbro looked in the wrong compartment of his wallet. At this time, Trooper Combs saw a Budweiser wristband on Disbro's wrist. Trooper Combs asked Disbro if he drank before driving his vehicle. Disbro admitted that he drank two beers at his home between 10:00 p.m. and 11:00 p.m., before going out to a club with his friends. At the club, Disbro claimed that he drank between two and three mixed drinks from approximately 1:00 a.m. to 3:00 a.m. After these admissions, Trooper Combs administered four field sobriety tests to Disbro. Disbro failed the Horizontal Gaze Nystagmus Test, the Walk and Turn Test, and the One Leg Stand Test. However, he passed the Finger Count Test.

Thereafter, Disbro submitted to a chemical test. Indiana State Trooper Joel Mitchem (Trooper Mitchem), a certified breath test operator, administered the test at approximately 4:35 a.m. The test showed that the blood alcohol content (BAC) of Disbro was .11%. The BAC Datamaster instrument used for the test was previously inspected and certified. Additionally, the instrument was calibrated within the proper period of time required by law.

On November 26, 2001, the State filed an information against Disbro charging him with Count I, operating while intoxicated, a Class A misdemeanor, I.C. § 9–30–5–2; and Count II, operating a vehicle with a BAC of .08 or higher, a Class C misdemeanor, I.C. § 9–30–5–1(a).[1] Disbro was also issued a ticket for the civil traffic

infractions of unsafe lane movement, failure to signal, speeding, seatbelt violation, left of center, and false registration.

On October 16–17, 2002, a jury trial was held. At the close of the trial, the State tendered an instruction regarding the rebuttable presumption created by a chemical test result of .08% or more within three hours of the offense. The trial court gave this instruction to the jury over Disbro's objection. On October 17, 2002, the jury acquitted Disbro of Count I, operating a vehicle while intoxicated. However, the jury found Disbro guilty of Count II, operating a vehicle with a BAC of .08% or more. The jury also found Disbro liable for his traffic infractions. On the same date, the trial court sentenced Disbro on Count II for a period of sixty days and a fine. The sentence of sixty days was suspended. The trial court sentenced Disbro to 180 days of daily reporting probation. Disbro's driving privileges were also suspended for 180 days.

Disbro now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. The Presumption

■ At the outset, we note that the purpose of an instruction is to inform the jury of the law applicable to the facts without misleading the jury and to enable it to comprehend the case clearly and arrive at a just, fair, and correct verdict. *Overstreet v. State*, 783 N.E.2d 1140, 1163 (Ind.2003). Instruction of the jury is generally within the discretion of the trial

---

1. We note that the information filed by the State states Count II as operating a vehicle with a BAC of .10 or higher, a Class C misdemeanor, I.C. § 9–30–5–1(a). *See* Appellant's App. p. 13. However, the Chronological Case Summary (CCS) entered Count II as operating a vehicle with a BAC of .08 or more, a

Class C misdemeanor, I.C. § 9–30–5–1(a). After reviewing I.C. § 9–30–5–1(a), we will apply the Count II that was entered on the CCS. I.C. § 9–30–5–1 was amended and the change was made effective in July of 2001. This incident took place after July of 2001.

court and is reviewed only for an abuse of that discretion. *Id.* at 1163–64; *Lowery v. State,* 547 N.E.2d 1046, 1055 (Ind.1989), *cert. denied,* 498 U.S. 881, 111 S.Ct. 217, 112 L.Ed.2d 176 (1990). An abuse of discretion will only be found when the instruction is erroneous, or where the instructions, taken as a whole, misstate the law or otherwise mislead the jury. *Champlain v. State,* 717 N.E.2d 567, 569 (Ind. 1999).

In the present case, Disbro argues that the trial court erred in giving the jury a presumptive instruction based on I.C. § 9–30–6–15(b) and I.C. § 9–30–6–2. Specifically, Disbro maintains that he successfully rebutted this presumption because, on cross-examination, the State's toxicologist testified that there was "no logical or scientific basis to assume that a person's breath alcohol will likely remain the same even one hour after a traffic stop when the test is taken to what it was when the stop took place." (Transcript p. 167). Based upon the toxicologist's testimony, there is no rational connection between the fact proved and the ultimate fact presumed. Consequently, Disbro asserts his state and federal rights were violated when the trial court tendered the presumptive instruction relating his blood alcohol content level at the time of his chemical test was performed to his blood alcohol content level at the time of his driving.

■ Indiana Code Section 9–30–6–15(b) provides:

If, in a prosecution for an offense under IC 9–30–5, evidence establishes that:

(1) a chemical test was performed or a test sample taken from the person charged with the offense within the period of time allowed for testing under section 2 of this chapter; and

(2) the person charged with the offense had an alcohol concentration equiva-

lent to at least eight-hundredths (0.08) gram of alcohol per:

(A) one hundred (100) milliliters of the person's blood at the time the test sample was taken; or

(B) two hundred ten (210) liters of the person's breath;

the trier of fact shall presume that the person charged with the offense had an alcohol concentration equivalent to at least eight-hundredths (0.08) gram of alcohol per one hundred (100) milliliters of the person's blood or per two hundred ten (210) liters of the person's breath at the time the person operated the vehicle. However, *this presumption is rebuttable.*

(Emphasis added). Moreover, I.C. § 9–30–6–2(c) states that a test administered under this chapter must be administered within three hours after the law enforcement officer had probable cause to believe the person committed an offense under IC 9–30–5. Thus, if a breath test administered within three hours after a law enforcement officer had probable cause to believe a person was driving with a BAC of at least .08% indicates the person does, in fact, have at least a .08% BAC, the trier of fact may presume the person's BAC at the time of the offense was at least .08%.

The presumption, however, is rebuttable. *See* I.C. § 9–30–6–15(b); I.C. § 9–30–6–2(c). Accordingly, based on the State's evidence that Disbro's BAC was .11% approximately an hour and twenty minutes after Trooper Combs pulled him over, the trial court gave final instruction number 8B, which instructed the jury as follows:

If, in a prosecution for Operating While Intoxicated, evidence establishes that:

(1) a chemical test was performed on a test sample taken from the person charged with the offense within three (3) hours after a law enforce-

ment officer had probable cause to believe the person operated a vehicle while intoxicated; and

(2) the person charged with the offense had an alcohol concentration equivalent to at least eight hundredths (.08) gram of alcohol per two hundred ten (210) liters of the person's breath at the time the person operated the vehicle. However, this presumption is rebuttable.

Authority:

Indiana Code 9–30–6–15(b) and 9–30–6–2.

This inference is not conclusive, however, and may be rebutted by other evidence. Also, you may reject such evidence even if it is not rebutted.

The burden remains on the State of Indiana to prove beyond a reasonable doubt every essential element of the offense of operating a vehicle while intoxicated including that the defendant was intoxicated at the time of the alleged violation.

(Appellant's App. p. 113).

■ As stated above, Disbro asserts that the trial court erred in giving final instruction number 8B because he rebutted the presumption with the toxicologist's testimony on cross-examination. We disagree. This court has held that there is a rational connection between the fact proved (blood alcohol content level at the time of the chemical test) and the ultimate fact presumed (blood alcohol content at the time of the offense). *See Finney v. State,* 686 N.E.2d 133, 135 (Ind.Ct.App.1997). Here, the instruction properly informed the jury that the BAC presumption was rebuttable, and that the jury was free to accept or reject the presumption. *See Thompson v. State,* 646 N.E.2d 687, 691 (Ind.Ct.App.1995) (holding that the trial court properly instructed the jury on the statutory presumption even though the de-

fendant presented evidence that he claimed rebutted the presumption). Because the instruction properly stated the law, we find that the trial court did not abuse its discretion in tendering final instruction number 8B to the jury. *See id.; Finney,* 686 N.E.2d at 135. Therefore, we find that Disbro's state and federal due process rights were not violated by the trial court tendering final instruction number 8B to the jury.

## III. *Sufficiency of the Evidence*

Disbro also argues that the State failed to introduce any definitive evidence of his BAC level at the time he was driving; thus, he claims, the evidence was insufficient to sustain his conviction for driving with a BAC of at least .08%. We disagree.

Our standard of review for sufficiency of the evidence is well-settled. We will neither reweigh the evidence nor judge the credibility of witnesses. *Cox v. State,* 774 N.E.2d 1025, 1028–29 (Ind.Ct.App.2002). We examine only the evidence most favorable to the State along with all reasonable inferences to be drawn therefrom, and, if there is substantial evidence of probative value to support the conviction, it will not be set aside. *Id.*

■ To support a conviction for operating with .08% BAC, the State was required to prove that Disbro operated a motor vehicle with at least .08% by weight of alcohol in his blood. As discussed above, in proving that a defendant's blood is at least .08%, the State is permitted to rely on the statutory presumption codified at I.C. § 9–30–6–15 and I.C. § 9–30–6–2. These statutes permit the jury to relate the driver's blood alcohol content at the time of the chemical test back to the blood alcohol content at the time he was driving. *See* I.C. § 9–30–6–15; I.C. § 9–30–6–2; *Allman v. State,* 728 N.E.2d 230, 232 (Ind.

Ct.App.2000). In particular, the jury is permitted to find that a defendant's blood alcohol is at least .08% at the time of the alleged violation if the test is administered within three hours of the violation and the results reveal a blood alcohol content of at least .08%. *Id.*

 In the instant case, the State clearly introduced evidence that Disbro's BAC was .11% at 4:38 a.m. Specifically, our review of the record indicates that Trooper Combs stopped Disbro at approximately 3:15 a.m. Trooper Combs pulled Disbro over because Disbro was speeding, changed lanes without signaling, and made a right hand turn without signaling. When Trooper Combs approached Disbro's car, he smelled alcohol on Disbro. Disbro's eyes were red and watery, his clothing was somewhat disorderly, and his speech was slurred, slow, and deliberate. At this time, Trooper Combs administered field sobriety tests. Disbro failed all of them except for one. After the field sobriety tests, Disbro submitted to a chemical test. Trooper Mitchell, a certified breath test operator, administered Disbro's chemical test at 4:38 a.m. The chemical test showed that Disbro's BAC was .11%. The jury was permitted to infer that Disbro's BAC level was at least .08% at the time he was driving. *See id.* Thus, because the BAC test was administered within three hours of the time Disbro was driving, we find that the evidence presented by the State is sufficient to support Disbro's conviction. *See id.; Cox,* 774 N.E.2d at 1028–29.

## CONCLUSION

Based on the foregoing, we conclude that trial court did not abuse its discretion in issuing the tendered jury instruction on the statutory presumption concerning blood alcohol content level found in I.C. § 9–30–6–15(b). Further, we conclude

that the State presented sufficient evidence to support Disbro's conviction for operating a vehicle with a BAC of .08% or more, a Class C misdemeanor.

Affirmed.

SHARPNACK and BARNES, JJ., concur.