**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 08 2013, 8:33 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DEBORAH MARKISOHN**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW FALK**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CURTIS PORTER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1204-CR-191 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Carol Orbison, Judge
Cause No. 49G22-1011-FA-85389

**March 8, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Curtis Porter (Porter), appeals his conviction and sentence for Count II, child molesting, a Class A felony, Ind. Code § 35-42-4-3(a)(1) and his adjudication as an habitual offender, I.C. § 35-50-2-8.

We affirm.

## ISSUES

Porter raises three issues on appeal, which we restate as follows:

(1) Whether the State proved beyond a reasonable doubt that Porter committed child molesting;

(2) Whether the trial court abused its discretion when it gave Preliminary Instruction No. 3; and

(3) Whether Porter's sentence is inappropriate in light of the nature of his offense and his character.

## FACTS AND PROCEDURAL HISTORY

On November 2, 2010, Porter met Shalonda Montgomery (Mother) at a friend's house. Mother and Porter are cousins and Porter is a couple of years older. That evening, Porter, his girlfriend, and Mother left in Porter's vehicle. On their way to Mother's home, police stopped them and both Mother and Porter's girlfriend were arrested.

Mother's two children, daughter, T.M., age twelve, and son, D.S., age fifteen, were at her home. Porter visited their home later in the evening and told T.M. that the police "have your momma." (Transcript p. 148). T.M. had not seen Porter for some time but had known him for a couple of years. Porter told T.M. to come with him to find Mother and he told D.S. to remain at home. T.M. and Porter traveled to a nearby abandoned house and observed a police paddy wagon but did not see Mother. Porter and T.M. returned to Mother's home.

Approximately twenty minutes later, Porter told T.M. to come with him to look for Mother again. As before, Porter told D.S. to remain at the home, but this time asked for and took his cell phone. T.M. took her cell phone with her, and both she and Porter got into Mother's car. They traveled to a parking lot next to the house and parked. Porter took T.M.'s cell phone and laid on top of her. T.M. tried to push him off but was unsuccessful. Porter pulled T.M.'s pants down to her ankles and inserted his finger in her vagina. Porter then performed oral sex on her. T.M. cried and struggled during the event, which lasted for approximately twenty minutes. Porter took her home afterward.

On November 3, 2010, Mother returned home around 5:00 or 5:30 a.m. She found T.M. asleep on the couch and Porter sitting on the stairs. Later that morning, Mother left for work and T.M. went to school. At school, T.M. saw the school nurse and informed her what Porter had done. The school nurse called Mother who called the police. Mother returned home and saw Porter. Porter tried to ask what was wrong but Mother was crying. He ran out of the house and down an alley. T.M. was taken to Riley Hospital for

3

an examination and was interviewed by police. T.M. refused a vaginal swab because it hurt and told police that Porter had put his finger in her vagina. Police examined Mother's automobile but found no bodily fluids. Porter was later apprehended.

On November 10, 2010, the State filed an Information charging Porter with Counts I and II, child molesting, Class A felonies, I.C. §35-42-4-3(a)(1); and Count III, child molesting, a Class C felony, I.C. § 35-42-4-2(b). On March 15, 2011, the State filed an additional Information alleging that Porter was an habitual offender, I.C. § 35-50-2-8.

On February 27 and 28, 2012, a bifurcated jury trial was held. Prior to trial, Porter's counsel objected to the trial court's Preliminary Instruction No. 3, which he alleged violated Article 1, Section 19 of the Indiana Constitution. Porter's counsel noted that the instruction reproduced Indiana Pattern Jury Instruction No. 15.11, which was to be used in bifurcated trials. The trial court denied the objection tendered the instruction. The jury found Porter not guilty on Count I but found him guilty as charged on Counts II and III. Subsequently, the jury determined that Porter was an habitual offender. On March 28, 2012, the trial court sentenced Porter, merging his conviction of Count III into Count II. It sentenced Porter to forty years' at the Department of Correction and suspended five years to probation. The trial court enhanced Porter's sentence on Count II by thirty years because of his adjudication as an habitual offender, resulting in an aggregate sentence of seventy years.

Porter now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. *Sufficiency of the Evidence*

Porter first contends that the evidence presented at trial was insufficient to support his conviction. Specifically, Porter argues that (1) the State failed to prove his age beyond a reasonable doubt; and (2) the State failed to prove beyond a reasonable doubt that he penetrated T.M.'s vagina with his finger.

### A. *Standard of Review*

Our standard of review for a sufficiency of the evidence claim is well-settled. In reviewing sufficiency of the evidence claims, we will not reweigh the evidence or assess the credibility of the witnesses. *Altes v. State*, 822 N.E.2d 1116, 1121 (Ind. Ct. App. 2005), *trans. denied*. We will consider only the evidence most favorable to the judgment, together with all reasonable and logical inferences to be drawn therefrom. *Id*. The conviction will be affirmed if there is substantial evidence of probative value to support the conviction of the trier-of-fact. *Id*.

### B. *Age of the Offender*

Porter contends that the State failed to prove beyond a reasonable doubt that he was at least twenty-one years of age as alleged in the Information. Class A felony child molesting consists of: (1) a person over age twenty-one who, (2) with a child under fourteen years of age, and (3) performs sexual intercourse or deviate sexual conduct. *See* I.C. § 35-42-4-3(a)(1). The age of the defendant is an element of the crime. *See* *Carpenter v. State*, 786 N.E.2d 696, 705 (Ind. 2003).

5

The age of the defendant may be proved by circumstantial evidence. *Staton v. State*, 853 N.E.2d 470, 471 (Ind. 2006). Opinion testimony may be used to establish a defendant's age. *Thompson v. State*, 386 N.E.2d 682, 684 (Ind. 1979). Finally, jurors may apply their common sense to the record to infer a defendant's age. *See Staton*, 853 N.E.2d at 471.

Porter argues that the State provided insufficient circumstantial evidence to prove his age beyond a reasonable doubt. We disagree. Although the State failed to elicit direct proof of Porter's age, other evidence sufficed to prove this element beyond a reasonable doubt. Mother testified that Porter was a few years older than her and had known each other since they were children. She testified that her son D.S. was fifteen years old at the time of the incident. If D.S. was fifteen at the time of the crime, even assuming that Mother was six when she gave birth to D.S., this would make Mother twenty-one at the time of the crime. Porter, a few years older, would at least be twenty-one years old. In sum, we conclude that circumstantial evidence, Mother's testimony, and the juror's application of common sense to the record sufficed to establish Porter's age beyond a reasonable doubt. *See Carpenter*, 786 N.E.2d at 705.

## C. *Penetration*

Porter next contends that there was no evidence of penetration to support his conviction for child molesting. Specifically, Porter argues that T.M. did not observe him penetrating her vagina. Further, he asserts that no physical evidence corroborated

penetration since T.M. refused a vaginal swab and no bodily fluids were found in the Mother's automobile.

Proof of the slight penetration is sufficient to sustain a conviction for child molesting. *Spurlock v. State*, 675 N.E.2d 312, 315 (Ind. 1996). Penetration may be inferred from circumstantial evidence. *See id*. Further, the uncorroborated testimony of a victim is sufficient to find a defendant guilty of child molesting. *Baber v. State*, 870 N.E.2d 486, 490 (Ind. Ct. App. 2007).

Here, T.M. testified that Porter pulled her pants down and "stuck his finger in me." (Tr. p. 159). She testified that Porter stuck his finger in her "private" and later clarified that her "private" referred to her vagina. (Tr. p. 159). Although she testified that she did not look at him because she was crying, we also note that T.M. testified that Porter laid on top of her during the act. A conviction for child molesting will be sustained when it is apparent from the circumstances and the victim's limited vocabulary that the victim described an act which involved penetration of the sex organ. *Short v. State*, 564 N.E.2d 553, 558 (Ind. Ct. App. 1991). We conclude that this evidence is sufficient proof for the jury to conclude beyond a reasonable doubt that Porter penetrated T.M. *See Young v. State*, 973 N.E.2d 1225, 1226-227 (Ind. Ct. App. 2012), *reh'g denied.*

Porter also argues that the lack of corroborating physical evidence undercuts T.M.'s testimony. We note that although a nurse at Riley Hospital testified that T.M. did not present any vaginal area injuries, the nurse also testified that eighty-five to ninety-five percent of sexually assaulted children have normal, injury-free exams. Thus, Porter's

7

challenge is merely a request to reweigh the evidence and determine witness credibility, which we will not do. *See Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We therefore conclude that the State provided evidence sufficient to prove Porter's age and his penetration of T.M. beyond a reasonable doubt.[1]

## II. *Jury Instruction*

Porter next challenges the trial court's Preliminary Jury Instruction No. 3, which instructed the jury on its determination of the law and the facts. Specifically, he argues that Preliminary Instruction No. 3 nullified the jury's right to determine the law and the facts during the habitual offender phase of his trial. We disagree.

The purpose of an instruction is to inform the jury of the law applicable to the facts without misleading the jury and to enable it to comprehend the case clearly and arrive at a just, fair, and correct verdict. *Disbro v. State*, 791 N.E.2d 774, 776 (Ind. Ct. App. 2003), *trans. denied*. Instructing the jury lies within the sole discretion of the trial court. *McBride v. State*, 785 N.E.2d 312, 316 (Ind. Ct. App. 2003), *trans. denied*. An abuse of discretion will only be found when the instruction is erroneous, or where the instructions, taken as a whole, misstate the law or otherwise mislead the jury. *Disbro*, 791 N.E.2d at 777. Error in a particular instruction will not result in reversal unless the entire jury charge misleads the jury as to the law in the case. *McBride*, 785 N.E.2d at

---

[1] Porter also contends that the evidence only sufficed to convict him of Count III, Class C felony child molesting, and thus remand is required for resentencing. This argument assumes that we would conclude that the State did not prove either Porter's age or that he digitally penetrated T.M. We conclude otherwise and therefore need not address this argument.

8

316. Before a defendant is entitled to a reversal, he must affirmatively show that the instruction error prejudiced his substantial rights. *Id.*

Article 1, Section 19 of the Indiana Constitution provides, "[i]n all criminal cases whatever, the jury shall have the right to determine the law and the facts." Ind. Code § 35-37-2-2(5) requires the trial court to instruct the jury "that they are the exclusive judges of all questions of fact and that they have a right, also, to determine the law." Article 1, Section 19 is applicable during habitual offender proceedings, and thus the jury has the power in such circumstances to determine both the law and the facts. *Parker v. State*, 698 N.E.2d 737, 742 (Ind. 1998).

Preliminary Instruction No. 3 stated as follows:

Under the Constitution of Indiana, the jury is given the right to decide both the law and the facts. In fulfilling this duty, you are to apply the law as you actually find it, and you are not to disregard it for any reason.

The instructions of the court are your best source in determining what the law is.

(Appellant's App. p. 70). This language reproduces the language of Indiana Pattern Jury Instruction No. 15.11—Criminal (3d ed. Supp. 2012).

On appeal, Porter argues that "[t]he additional language in [Preliminary Instruction No. 3] was not a correct statement of the law for the habitual offender phase and had the potential to mislead the jury during the habitual phase of the jury." (Appellant's Br. p. 19). However, as Porter's counsel noted prior to trial, Preliminary Instruction No. 3 in fact reproduced the pattern jury instruction to be used during the second stage of a bifurcated trial, which in this case would have been the habitual

9

offender phase of Porter's trial. The preferred practice is to use the pattern jury instructions. *Gravens v. State*, 836 N.E.2d 490, 494 (Ind. Ct. App. 2005), *trans. denied*. Because Preliminary Instruction No. 3 reproduced Pattern Jury Instruction No. 15.11 *verbatim*, we cannot agree with Porter that the trial court's use of this instruction during the guilt phase misstated the law and compelled the jury to find him to be an habitual offender. We therefore conclude that the trial court did not abuse its discretion and properly instructed the jury.

## II. *Sentencing*

Porter argues that his aggregate seventy-year sentence is inappropriate in light of the nature of the offense and his character. Specifically, he contends that his sentence is "unduly harsh" and asks us to revise his sentence on the underlying felony to the advisory sentence. (Appellant's Br. p. 21). He asserts that the following factors justify a revised sentence: his actions constituted a single isolated incident; his act was neither premeditated nor involved a weapon; and he did not employ excessive force on T.M.

The Indiana Appellate Rules authorize revision of a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "[A] defendant must persuade the appellate court that his or her sentence has met this inappropriateness standard of review." *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case. *Id.* at 1224.

A person who commits a Class A felony child molesting shall be imprisoned for a fixed term of between twenty and fifty years, with the advisory sentence being thirty years. I.C. § 35-50-2-4. The court "shall" sentence a person found to be a habitual offender to an additional fixed term that is "not less than" the advisory sentence for the underlying offense, which in this case is thirty years, nor more than three times the advisory sentence for the underlying offense. I.C. § 35-50-2-8(h). The sentence, however, may not exceed thirty years. *See* I.C. § 35-50-2-8(h). Here, the trial court sentenced Porter to forty years for child molesting and enhanced that by the mandatory thirty-years for being a habitual offender.

As for the nature of the offense, the State argued at trial that Porter violated Mother's trust. Mother had been arrested in the evening and her two minor children were concerned about her. Porter was a cousin who had offered his assistance to find Mother. Under these circumstances, we have little difficulty concluding that Porter should have been someone for the family to depend on but instead violated their trust by his conduct.

11

Although Porter argues that his crime was not premeditated, the evidence shows otherwise:  Porter took T.M. away from her home and took D.S.'s cell phone prior to molesting T.M.  While Porter asserts that his crime did not involve a weapon or excessive force, we find these factors inapposite given that Porter is over six feet tall, weighs over 200 pounds, and his victim was twelve years of age.

Regarding Porter's character, we note, as did the trial court, his substantial criminal history.  Porter has six juvenile adjudications for conversion, burglary, theft, disorderly conduct, resisting arrest, and battery resulting in serious bodily injury.  In addition to the three felony convictions used to find Porter to be an habitual offender, Porter had amassed another felony conviction, six misdemeanor convictions, and been arrested several other times.  Porter had been given probation on four occasions but it was revoked each time and he was on probation at the time of this offense.  In sum, Porter's criminal history does not convince us that his character renders his sentence inappropriate.  Porter has thus failed to persuade us that his seventy-year sentence is inappropriate.

CONCLUSION

Based on the foregoing, we conclude that there was sufficient evidence beyond a reasonable doubt to convict Porter of child molesting.  We also conclude that the trial court did not abuse its discretion when it gave Preliminary Instruction No. 3.  Finally, Porter's sentence is not inappropriate in light of the nature of the offense and his character.

12

Affirmed.

BAKER, J. and BARNES, J. concur